# CITY OF CHICAGO *v.* STURGES.

No. 39. Argued November 6, 1911.—Decided December 18, 1911.

The question of validity of a state statute under the state constitution
is foreclosed in this court by the decision of the highest court of the
State.

The general principles of law that there is no individual liability for an
act which ordinary human care and foresight could not guard against
and that loss for causes purely accidental must rest where it falls,
are subject to the legislative power which, in the absence of organic
restraint, may, for the general welfare, impose obligations and re-
sponsibilities otherwise non-existent.

Primarily government exists for the maintenance of social order and
is under the obligation to protect life, liberty and property against
the careless and evil-minded.

Legislation reasonably adapted to the maintenance of social order, af-
fording hearing before judgment, and not affirmatively forbidden by
any constitutional provision, does not deny due process of law.

It is a familiar rule of the common law that the state which creates
subordinate municipal governments and vests in them police powers
essential to preservation of law and order may impose upon them
the duty of protecting property from mob violence and hold them
liable for loss caused by such violence.

Liability of the municipality for property destroyed by mob violence
rests upon reasonable grounds of public policy and operates to deter
the lawless destruction of property.

It is not unreasonable for a State to make a county liable for damages
sustained by sufferers whose property is not within any incorporated
city.

Equal protection of the law is not denied where the classification is
not so unreasonable and extravagant as to be merely an arbitrary
mandate. A classification between cities and unincorporated sub-
divisions of a county is a reasonable one within the equal protection
clause of the Fourteenth Amendment.

The act of Illinois of 1887 indemnifying owners of property for dam-
ages by mobs and riots is not unconstitutional as depriving cities o-

their property without due process of law because liability is imposed irrespective of the power of the city to have prevented the violence; nor is it unconstitutional as denying equal protection of the law because it discriminates between cities and unincorporated subdivisions of a county.

237 Illinois, 46, affirmed.

THE facts, which involve the constitutionality under the Fourteenth Amendment of the mob and riot indemnity law of Illinois, are stated in the opinion.

*Mr. John W. Beckwith* and *Mr. Joseph F. Grossman,* with whom *Mr. William H. Sexton, Mr. Edward J. Brundage* and *Mr. Robert N. Holt* were on the brief, for plaintiff in error:

The statute denies equal protection of the laws.

An arbitrary classification of persons or corporations to be affected does not render a law applying to one such class general in character. *Braceville Coal Co.* v. *People,* 147 Illinois, 66; *Eden* v. *People &c.,* 161 Illinois, 296; *Gulf, Colorado &c. Ry.* v. *Ellis,* 165 U. S. 150; *Frorer* v. *People,* 141 Illinois, 171; *Millett* v. *People,* 117 Illinois, 294; *Harding* v. *People,* 160 Illinois, 459; *People* v. *Martin,* 178 Illinois, 611; *People* v. *Knopf,* 183 Illinois, 410; *Matthews* v. *People,* 202 Illinois, 389.

Where a general law can be made applicable, a special law is unconstitutional. *Gulf, Colorado &c. Ry.* v. *Ellis,* 165 U. S. 150; *Badenoch* v. *City of Chicago,* 222 Illinois, 72; *Bailey* v. *People,* 190 Illinois, 28, 34; *Hibbard & Co.* v. *City of Chicago,* 173 Illinois, 91; *People* v. *Cooper,* 83 Illinois, 585; *People* v. *Knopf,* 183 Illinois, 410; *People ex rel.* v. *Meech,* 101 Illinois, 200.

Municipal corporations proper, and *quasi* municipal corporations can be distinguished. See Dillon on Mun. Corp., 4th ed., 42.

Due process of law requires that a party be given an opportunity to be heard on every question of fact or

liability. *Ohio-Miss. Ry. Co.* v. *Lackey,* 78 Illinois, 55; *Zeigler* v. *S. & N. A. R. R. Co.*, 58 Alabama, 594; *Hager* v. *Reclamation Dist.*, 111 U. S. 701; *Jensen* v. *Ry. Co.*, 6 Utah, 253; *D. & R. G. Co.* v. *Outcalt,* 2 Colo. App. 395; *Wadsworth* v. *U. P. Ry. Co.*, 18 Colorado, 600; *Cateril* v. *U. P. Ry. Co.*, 2 Idaho, 540; *Bielenberg* v. *Montana U. Ry. Co.*, 8 Montana, 271; *Thompson* v. *M. P. Ry. Co.*, 8 Montana, 279; *Schenck* v. *U. P. Ry. Co.*, 5 Wyoming, 430; *East Kingston* v. *Tolle,* 48 N. H. 57; *Stoudenmire* v. *Brown.* 48 Alabama, 699; *Street* v. *City of New Orleans,* 32 La. Ann. 577.

Due process of law requires only what is demanded by the usual general law, according to the nature of the particular matter in hand. It will not tolerate unusual or arbitrary actions. *Holden* v. *Hardy,* 169 U. S. 366; *Davidson* v. *New Orleans,* 96 U. S. 97.

Where the void provisions in a statute cannot be eliminated without affecting the remaining portions the whole statute becomes void. Cooley, Const. Lim. 178.

Equal protection means subjection to equal laws applying alike to all in the same situation. *Southern Ry. Co.* v. *Greene,* 216 U. S. 400.

The act deprives plaintiff in error of its right to a judicial inquiry upon the question of fact as to whether or not it was derelict in the duties which it owes to the public—to preserve the peace and protect private property.

English authority for legislation under the police power of the state is inapplicable to our jurisprudence. In England there are no vested rights. Its police power is absolute and without limitation. Coke, 4 Inst. 36.

To justify legislation in this country under the police power of the state it must appear that the act is reasonably necessary for the accomplishment of the purpose for which it is passed, and not unduly oppressive. *Lawton* v. *Steele,* 152 U. S. 133.

The act cannot be justified upon the theory that there

is an implied contract between the State and the city that the latter shall preserve the peace and maintain good order within its borders. These duties are not contractual obligations, but are imposed upon municipalities *in invitum*. But even if they are contractual the act is unconstitutional because it conclusively presumes a breach of the contract.

The proceedings in the state courts in which judgment was rendered against plaintiff in error herein were not due process of law. If any question of fact or liability be conclusively presumed against it, this is not due process of law. *Zeigler* v. *Ala. R. R. Co.*, 58 Alabama, 594; *Chicago &c. R. R. Co.* v. *Minnesota*, 134 U. S. 418.

The State has no greater control over the property rights of municipal corporations than of other corporations or individuals. *Dartmouth College* v. *Woodward*, 4 Wheat. 518, 694; *New Orleans* v. *Water Works Co.*, 142 U. S. 79; *Williams* v. *Eggleston*, 170 U. S. 304; *Louisville* v. *Commonwealth*, 1 Duvall (Ky.), 295; *New Orleans R. R. Co.* v. *New Orleans*, 26 La. Ann. 478; *Touchard* v. *Touchard*, 5 California, 306.

The funds of plaintiff in error are its private property and they cannot be taken without due process of law. *Dartmouth College* v. *Woodward*, 4 Wheat. 518, 694; *City* v. *C. & N. W. Ry. Co.* (Ill. Appellate Court, not yet reported); *People* v. *Fields*, 58 N. Y. 491.

The statute contravenes the Fourteenth Amendment, in that it denies to cities and its inhabitants the equal protection of the law.

The guarantee of the equal protection of the law means that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes in the same place and in like circumstances. *Missouri* v. *Lewis*, 101 U. S. 22; *Barbier* v. *Connolly*, 113 U. S. 27; *Cotting* v. *Kansas City Stock Yards Co.*, 183 U. S. 79; *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540.

The act arbitrarily discriminates between cities and villages or incorporated towns. To justify legislation affecting a class of persons the classification must bear a reasonable relation to the purposes for which the legislation is aimed. Cases *supra* and *People* v. *Knopf,* 183 Illinois, 410; *Bessette* v. *People,* 193 Illinois, 334; *Richards* v. *Hammer,* 42 N. J. L. 435; *Hightstown* v. *Glenn,* 47 N. J. L. 105; *People* v. *Fox,* 247 Illinois, 402.

Each city, village or town incorporated prior to the adoption of the Illinois constitution of 1870 is as similar or dissimilar as their special charters and hence the fact that a municipality was organized under the name of "city" prior to the constitution of 1870, bears no reasonable relation to the purposes of the act, which is to suppress mob violence and to indemnify the owners of property for damages occasioned by mobs and riots throughout the State. Art. X, § 1, Illinois Constitution, 1848; *People* v. *Board of Trustees,* 170 Illinois, 468.

Cities and villages or incorporated towns organized since the adoption of the Illinois constitution of 1870 differ only in the manner of organization. Their rights and powers are identical and their duties and obligations should and must be correspondingly the same. Starr & Curtiss' Annotated Illinois Statutes, 1896, Ch. 24.

The judgment of the state Supreme Court that there is such a difference between cities, villages and towns as to form a rational basis for classification in the act under consideration is not conclusive upon the Supreme Court of the United States. *Yick Wo* v. *Hopkins,* 118 U. S. 356; *Balt. & Pot. Railroad* v. *Hopkins,* 130 U. S. 210; *Miller* v. *Cornwall R. R. Co.,* 168 U. S. 131; *A., T. & S. F. R.* v. *Matthews,* 174 U. S. 96; *Houston & Texas Central Rd. Co.* v. *Texas,* 177 U. S. 77; *Enfield* v. *Jordan,* 119 U. S. 680.

The terms "city," "village" or "incorporated town" are not synonymous, nor is the term "city" generic, so

as to include "village" or "incorporated town." *Enfield* v. *Jordan*, 119 U. S. 680; *Pitzman* v. *Freeburg*, 92 Illinois, 111; *People* v. *Fox*, 247 Illinois, 402.

The act is penal as well as remedial and should be strictly construed. *Allegheny* v. *Gibson*, 90 Pa. St. 397; *Underhill* v. *Manchester*, 45 N. H. 214, 221.

The statute is in derogation of the common law and nothing can be read into it by implication. *Shaw* v. *R. R. Co.*, 101 U. S. 557; *Porter* v. *Dement*, 35 Illinois, 478; *Thompson* v. *Weller*, 85 Illinois, 197; *Hamilton* v. *Jones*, 125 Indiana, 176; *Thornburg* v. *Am. Strawboard Co.*, 141 Indiana, 443; *Sarazin* v. *Union R. R. Co.*, 153 Missouri, 479.

The act arbitrarily discriminates between the inhabitants of the same county and is therefore unconstitutional.

The statute gives to owners of property in the county outside the limits of any city a right of action against said county, but does not give such right to owners of property within the same county if within the limits of any city. *Barbier* v. *Connolly*, 113 U. S. 27.

*Mr. Almon W. Bulkley, Mr. Frank J. Loesch, Mr. James Stillman* and *Mr. Timothy J. Scofield* submitted, the court having declined to hear counsel for defendant in error:

It is a rule of construction that a penal statute is to be strictly construed, but courts do not construe such statutes so strictly as to defeat the apparent purpose of the legislature in the enactment of the law. *United States* v. *Wiltberger*, 5 Wheat. 76, 95; Black on Interpretation of Law, Hornbook Series, 288; *United States* v. *Winn*, Fed. Cas. No. 16,740; *Hines* v. *Wilmington & W. R. Co.*, 95 N. Car. 434; *People* v. *Goodhart*, 248 Illinois, 373.

A penal statute is one which imposes punishment for a violation of statutes and which the governor of a State, or the President of the United States, is vested with power

to pardon. *P., Ft. W. & C. Ry. Co.* v. *Methven,* 21 Oh. St. 586; *Huntington* v. *Attrill,* 146 U. S. 657; Sutherland on Stat. Const., § 358.

The indemnifying statute here involved as construed by the Supreme Court of Illinois is not an act for the punishment of a city or county for a failure or an inability to control the actions of mobs and riotous assemblages. *Sturgis* v. *City of Chicago,* 237 Illinois, 46.

When an act of the legislature can be construed and applied so as to avoid conflict with the Constitution and give it the force of law, such construction will be adopted by the courts. *Colwell* v. *Water Power Co.,* 19 N. J. Eq. 249; *People* v. *Supervisors,* 17 N. Y. 241; *Newland* v. *March et al.,* 19 Illinois, 384; Cooley's Const. Law, 184; *Grenada County* v. *Brown,* 112 U. S. 261.

The indemnifying act here involved is remedial and should be liberally construed. *Sturgis.* v. *Chicago,* 237 Illinois, 46; *Schiellien* v. *Kings County,* 43 Barb. 490; *Sarles* v. *New York,* 47 Barb. 447; *Underhill* v. *Manchester,* 45 N. Y. 214; *Hermits of St. Augustine* v. *Philadelphia County,* Bright, 116.

There is a difference between cities and villages which forms a rational basis for a valid classification for purposes of legislation. *Dawson Soap Co.* v. *Chicago,* 234 Illinois, 314; *People* v. *Nellis,* 249 Illinois, 12.

A legislature may classify cities and enact laws applicable to such cities according to their classification but the classification must not be arbitrary. *Anderson* v. *Trenton,* 42 N. J. L. 486; *City of Danville* v. *Fox,* 247 Illinois, 402.

This court is not authorized to inquire into the grounds or reasons upon which a state supreme court proceeds in its construction of a state statute. *Marchant* v. *Penn. R. R. Co.,* 153 U. S. 380.

A village is a small assemblage of houses for dwellings, or business, or both, in the country, whether situated

upon regularly laid out streets and alleys or not. *Ill. Cent. R. R. Co.* v. *Williams,* 27 Illinois, 48; *T. W. & W. R. R. Co.* v. *Spangler,* 71 Illinois, 568.

The Supreme Court of Illinois construes the word village as used in the act for the incorporation of cities and villages to be a village or small collection of residences which has become incorporated for the better regulation of its internal police. *Phillips* v. *Town of Scales Mound,* 195 Illinois, 353, 358.

The act does not violate the due process provisions of the Fourteenth Amendment. *Williams* v. *Eggleston,* 170 U. S. 304; *Williams* v. *Parker,* 188 U. S. 491; *Keys* v. *Lowry,* 199 U. S. 233; *Delaware Railroad Tax,* 18 Wall. 206; *City R. R. Co.* v. *New Orleans,* 143 U. S. 192; *Marchant* v. *Penn. R. R. Co.,* 153 U. S. 380; *Postal Tel. Cable Co.* v. *Charleston,* 153 U. S. 692; *Michigan Cent. R. Co.* v. *Powers,* 201 U. S. 245.

Municipal corporations are instrumentalities of the State for the convenient administration of government within their limits. Their functions are for the public good. They are created, among other purposes, to manage the concerns, police and public interest of the people living within their territory, and they are subject to legal obligations and duties, and derive all their powers from the legislature, except where the constitution of the State otherwise provides. They have only such powers as the legislature confers upon them. All the rights, duties and obligations of such a corporation must be ascertained and defined by the laws of the State which created it. *Louisiana* v. *New Orleans,* 109 U. S. 285; *Board of Commissioners* v. *Lucas,* 93 U. S. 108; *Citizens' Street Ry. Co.* v. *Detroit Railroad,* 171 U. S. 48.

The terms of the act do not violate the equal protection provisions of the Fourteenth Amendment. *Mobile* v. *Kimball,* 102 U. S. 691; *Marchant* v. *Penn. R. R. Co.,* 153 U. S. 380; *Minneapolis Railroad Co.* v. *Beckwith,* 129 U. S.

26; *Missouri Pacific R. R. Co.* v. *Humes*, 150 U. S. 512; *Missouri Pacific R. R. Co.* v. *Mackey*, 127 U. S. 205.

MR. JUSTICE LURTON delivered the opinion of the court.

The only question under this writ of error is as to the validity of a statute of the State of Illinois entitled "An Act to indemnify the owners of property for damages occasioned by mobs and riots." Laws of 1887, p. 237.

The defendant in error recovered a judgment against the city under that statute, which was affirmed in the Supreme Court of the State. 237 Illinois, 46. The validity of the law under the Illinois constitution was thus affirmed, and that question is thereby foreclosed. But it was urged in the Illinois courts that the act violated the guarantee of due process of law and the equal protection of the law as provided by the Fourteenth Amendment of the Constitution of the United States.

By the provisions of the statute referred to, a city is made liable for three-fourths of the damage resulting to property situated therein, caused by the violence of any mob or riotous assemblage of more than twelve persons, not abetted or permitted by the negligent or wrongful act of the owner, etc. If the damage be to property not within the city, then the county in which it is located is in like manner made responsible. The act saves to the owner his action against the rioters and gives the city or county, as the case may be, a lien upon any judgment against such participants for reimbursement, or a remedy to the city or county directly against the individuals causing the damage, to the amount of any judgment it may have paid the sufferer.

It is said that the act denies to the city due process of law, since it imposes liability irrespective of any question of the power of the city to have prevented the violence, or of negligence in the use of its power. This was the in-

terpretation placed upon the act by the Supreme Court of Illinois. Does the law as thus interpreted deny due process of law? That the law provides for a judicial hearing and a remedy over against those primarily liable narrows the objection to the single question of legislative power to impose liability regardless of fault.

It is a general principle of our law that there is no individual liability for an act which ordinary human care and foresight could not guard against. It is also a general principle of the same law that a loss from any cause purely accidental must rest where it chances to fall. But behind and above these general principles which the law recognizes as ordinarily prevailing, there lies the legislative power, which, in the absence of organic restraint, may, for the general welfare of society, impose obligations and responsibilities otherwise non-existent.

Primarily, governments exist for the maintenance of social order. Hence it is that the obligation of the government to protect life, liberty and property against the conduct of the indifferent, the careless and the evil-minded may be regarded as lying at the very foundation of the social compact. A recognition of this supreme obligation is found in those exertions of the legislative power which have as an end the preservation of social order and the protection of the welfare of the public and of the individual. If such legislation be reasonably adapted to the end in view, affords a hearing before judgment, and is not forbidden by some other affirmative provision of constitutional law, it is not to be regarded as denying due process of law under the provisions of the Fourteenth Amendment.

The law in question is a valid exercise of the police power of the State of Illinois. It rests upon the duty of the State to protect its citizens in the enjoyment and possession of their acquisitions, and is but a recognition of the obligation of the State to preserve social order and the property of the citizen against the violence of a riot or a mob.

The State is the creator of subordinate municipal governments. It vests in them the police powers essential to the preservation of law and order. It imposes upon them the duty of protecting property situated within their limits from the violence of such public breaches of the peace as are mobs and riots. This duty and obligation thus entrusted to the local subordinate government is by this enactment emphasized and enforced by imposing upon the local community absolute liability for property losses resulting from the violence of such public tumults.

The policy of imposing liability upon a civil subdivision of government exercising delegated police power is familiar to every student of the common law. We find it recognized in the beginning of the police system of Anglo-Saxon people. Thus, "The Hundred," a very early form of civil subdivision, was held answerable for robberies committed within the division. By a series of statutes, beginning possibly in 1285, in the statutes of Winchester, 13 Edw. I, c. 1, coming on down to the 27th Elizabeth, c. 13, the Riot Act of George I (1 Geo. I, St. 2) and Act of 8 George II, c. 16, we may find a continuous recognition of the principle that a civil subdivision entrusted with the duty of protecting property in its midst and with police power to discharge the function, may be made answerable not only for negligence affirmatively shown, but absolutely as not having afforded a protection adequate to the obligation. Statutes of a similar character have been enacted by several of the States and held valid exertions of the police power. *Darlington* v. *Mayor &c. of New York*, 31 N. Y. 164; *Fauvia* v. *New Orleans*, 20 La. Ann. 410; *County of Allegheny* v. *Gibson &c.*, 90 Pa. St. 397. The imposition of absolute liability upon the community when property is destroyed through the violence of a mob is not, therefore, an unusual police regulation. Neither is it arbitrary, as not resting upon reasonable grounds of policy. Such a regulation has a tendency to deter the

lawless, since the sufferer must be compensated by a tax burden which will fall upon all property, including that of the evil doers as members of the community. It is likewise calculated to stimulate the exertions of the indifferent and the law-abiding to avoid the falling of a burden which they must share with the lawless. In that it directly operates on and affects public opinion, it tends strongly to the upholding of the empire of the law.

There remains the contention that the act discriminates between cities and villages or other incorporated towns.

The liability is imposed upon the city if the property be within the limits of a city; if not, then upon the county. The classification is not an unreasonable one. A city is presumptively the more populous and better organized community. As such it may well be singled out and made exclusively responsible for the consequence of riots and mobs to property therein.

The county, which includes the city and other incorporated subdivisions, is, not unreasonably, made liable to all sufferers whose property is not within the limits of a city.

The power of the State to impose liability for damage and injury to property from riots and mobs includes the power to make a classification of the subordinate munici palities upon which the responsibility may be imposed It is a matter for the exercise of legislative discretion, and the equal protection of the law is not denied where the classification is not so unreasonable and extravagant as to be a mere arbitrary mandate.

The cases upon this subject are so numerous as to need no further elucidation.

Among the later cases are *Williams* v. *Arkansas,* 217 U. S. 79; *Watson* v. *Maryland,* 218 U. S. 173; *Chicago, B. & Q. R. R. Co.* v. *McGuire,* 219 U. S. 549; *House* v. *Mayes,* 219 U. S. 270.

*Judgment affirmed.*