(No. 5218. July 11, 1929.)

JAMES FOSS and RUTH M. FOSS, His Wife, Appellants, v. GUST DAHLQUIST and EDNA DAHLQUIST, His Wife, Respondents.

[279 Pac. 407.]

Ezra R. Whitla, for Appellants, cites no authorities on points decided.

N. D. Wernette, for Respondents.

T. BAILEY LEE, J.—Plaintiffs and appellants, James H. Foss and Ruth M. Foss, his wife, claimed that in May, 1927, they had been intrigued by the wilful misrepresentations of Gust Dahlquist, and his wife Edna, defendants and respondents, into trading certain town property in Coeur d'Alene in exchange for the Imperial Hotel in Spokane. Succinctly, the misrepresentations alleged to have been knowingly and intentionally made by defendants and by plaintiffs urged here were: ''That they had a lease on said hotel property for two years at the rental of $250.00 per month, and that the same would be turned over to the plaintiffs, when as a matter of fact they had no lease on said hotel property, whatsoever, and that the rent of said prop-

erty had been and was $275.00 per month''; that said hotel ''took in'' and that they ''had received'' from the operation of it in excess of $600 per month; that they had made such sum in the month of April; that they had 32 steady roomers, filling 32 rooms; that the laundry cost not to exceed $15 and the electric light only $15 per month, whereas, they did not receive during said month of April a hotel income of over $300, said hotel would not pay to exceed $300 per month, only 18 rooms were occupied by guests, the laundry would cost at least $45 per month and the electric light bill exceed $40 per month. They prayed rescission and certain itemized damages.

Defendants denied all misrepresentations, and affirmatively alleged that, for about ten days subsequent to taking possession of said hotel, plaintiffs operated the same, became fully familiar with all the conditions and circumstances surrounding the business, and, after becoming so familiar, ratified and accepted ''said business'' by authorizing a delivery of the deed to said real estate.

The court found against plaintiffs on all charges and entered a judgment in accordance. Motion for new trial was overruled. Upon their appeal from the judgment, plaintiffs emphatically assert that the undisputed evidence establishes not only their propositions heretofore recited, but also two others not plead or submitted in the court below. Plaintiffs plead no representation as to water charges, nor did they raise the point that their deeds were not by the agents delivered to the defendants until after notice of rescission and commencement of this action. Under the uniform holdings of this court, the question of such delivery comes too late, though be it, we may observe in passing, that the trial court found that such deeds were delivered on May 4, 1927, the date the trade was consummated; and the record abundantly supports such finding. It but remains to determine whether or not plaintiffs' other contentions are supported by the undisputed evidence, as they so earnestly declare.

Did defendants ever represent that they had a two-year lease of the hotel for $250 per month? Witness the answer of defendant Dahlquist:

"Q. Did you ever represent to them that there was a lease at the time you first met them, or any time during the negotiations, a lease executed in writing between you and the landlord? A. No."

Was there any dispute as to the represented income for the month of April? Again the same witness:

"Q. What representations did you make, if any, with reference to the previous month, that is, the month previous to April 29th,—previous to April, as to the gross income, and how did it come up, if there was any conversation in that regard? A. Something was said about how the hotel receipts were—to tell what the income was. *I says, 'I don't know; I have not just copied it all down and figured it up,* but I figured it up one evening here and *it seemed* to me there was $630 income in the previous month,' that is March, the month before."

As to the question of steady roomers, the same witness:

"Q. Did you ever represent to the plaintiff in this case the exact number of roomers in the hotel? A. No.

"Q. Then you didn't tell them how many steady roomers you had at all? A. Nothing said about steady roomers; just occupied rooms."

He testified as to laundry charges:

"Q. Did you ever make any representations to Foss, the plaintiff in this case, that the laundry was $15.00 flat rate, or any kind of rate? A. No, sir."

As to electric lights he was equally positive:

"Q. Did you ever represent that the light was $20 per month? A. No."

The conflict is point blank, necessitating affirmation of the court's findings.

Appellants in their brief discuss only two grounds for new trial: falsity of the representation that the hotel income for April was $630, and that plaintiffs were taken by surprise at Gallagher's admittedly mistaken testimony that the

deal between the instant parties had been closed when the conversation came up, apprising Foss of the conditions essential to acquiring a lease.

The first matter has been disposed of. Conceding all that is contended for as to the time of the conversation referred to and the subject thereof, the same is wholly immaterial in the light of the pleadings. This case seems to have been tried and argued on the theory that Dahlquist represented that a two year lease at $250 per month could be secured from the landlord. A sharp search of the complaint fails to disclose any allegation regarding represented rent save the sole one that defendants claimed they already had such a lease and would turn it over to plaintiffs. The cause must be confined to the issues raised.

Judgment and order affirmed. Costs to respondent.

Budge, C. J., and Givens, Wm. E. Lee and Varian, JJ., concur.