John W. Meadows, *et al. v.* The City of Logan,
*A Municipal Corporation*

(CC 605)

Submitted February 1, 1939. Decided February 14, 1939.

*Walter Vickers* and *N. D. Waugh,* for plaintiffs.
*R. H. Casto,* for defendant.

HATCHER, JUDGE:

This certification presents the sufficiency of a declaration, alleging grounds for recovery under Code 1931, 61-6-12, from the City of Logan for damages done by an alleged mob to plaintiff's property within the city. The circuit court overruled a demurrer to the declaration.

The demurrant makes two points. The first is that the foregoing statute is unconstitutional so far as it refers to mob violence because the statute is a codification of Acts 1921, chapter 96, the title of which made no reference to a mob. The statutes in Code 1931, after being revised, arranged and consolidated under legislative authority, were passed by the legislature in one act, with the declaration that such statutes "shall constitute the Code of West Virginia." The courts have held uniformly that

the legislative incorporation of an existing statute into a general code cures the statute of any titular defect in its original enactment. *Central of Georgia Ry. Co.* v. *State,* 104 Ga. 831, 31 S. E. 531, 42 L. R. A. 518; *McConville* v. *Bank & Trust Co.,* 101 Fla. 727, 135 So. 392; *Brady* v. *Cooper,* 46 S. D. 419, 193 N. W. 246; *Emmett Irr. Dist.* v. *McNish,* 38 Ida. 241, 220 P. 409; *Green* v. *State,* 33 Okla. Cr. 268, 243 P. 533; *Cashin* v. *Ry. Co.,* 96 Mont. 92, 28 P. (2d) 862; 25 R. C. L., Statutes, sec. 111; 59 C. J., Statutes, sec. 489.

The constitutionality of the statutory provision itself is not raised. However, in passing, we note that the constitutionality of similar provisions in other states has been assailed on a number of different grounds, and in each case, the assault failed. See *Chicago* v. *Sturges,* 222 U. S. 313, 32 S. Ct. 92, 56 L. Ed. 215, Ann. Cas. 1913B, 1349; Ann. 13 A. L. R. 754, supplemented by Ann. 44 A. L. R. 1138.

The second point of demurrant is that the facts alleged do not make a case under the statute. The declaration alleges that "a collection of individuals, consisting of five or more in number assembled in a building * * * wherein these plaintiffs operate a restaurant * * * in the City of Logan; that the said persons assembled for the purpose of forcing the plaintiffs * * * by violence and without lawful authority to sign an agreement regulating the business in which they were engaged; * * * that the members of said mob * * * did, then and there, destroy and carry off all of the furniture, fixtures, equipment, merchandise, money, and other personal property belonging to said plaintiffs * * * of the value of about five thousand dollars."

The statute provides that a collection of five or more individuals assembled "for the purpose of exercising * * * regulative powers over any person or persons by violence and without lawful authority, shall be regarded and designated as a mob"; and that anyone suffering serious injury to his property by a mob within a city, shall have

an action against the city for the damages sustained, not to exceed five thousand dollars. We are of opinion that the declaration states a case within the statute.

The ruling is affirmed.

*Affirmed.*