202 P.2d 384

**WANKE v. ZIEBARTH CONST. CO. et al.**

**No. 7411.**

Supreme Court of Idaho.

June 24, 1948.

On Rehearing Feb. 3, 1949.

66

Frank L. Benson, of Craigmont, for appellant.

H. J. Hull, of Wallace, for respondents.

Walter M. Oros, of Boise, amicus curiae.

MILLER, Justice.

The record in the instant case discloses that on April 7, 1942, appellant, Englebert Wanke, sustained a personal injury accidentally and in the course of his employment, while engaged in clearing a right-of-way, when a log rolled over him, resulting in a comminuted fracture of the shaft of the left femur and while in the employ of the Zeibarth Construction Company, respondent.

Included in the record is the transcript of proceedings, file No. 190555, of March 15, 1944, and from which it appears appellant was awarded $1,215.30 by the Industrial Accident Board. Thereafter, on January 14, 1946, appellant filed an application

for modification of award with the Industrial Accident Board on the ground of change in condition with reference to his injury. The defendants answered said application, dated February 25, 1946, and in which they denied that any change in claimant's condition alleged to have taken place since the award is the result of the accident, and allege that any change that may have occurred is the result of what is commonly known as hypertrophic arthritis. A hearing on said issue was held before the Industrial Accident Board at Wallace, Idaho, March 1, 1946, and at Spokane, Washington, March 4, 1946. The transcript of those proceedings resulted in an award of $106.92 for increase in appellant's permanent disability; and that within 30 days defendants were required to tender appellant an operation for inguinal hernia, or failing in that respect they, and each of them, were to pay him the additional sum of $150 in lieu of the costs of such operation; that by reason of the operation they pay claimant the weekly sum of $12, not exceeding six weeks. Said award is dated and filed April 10, 1946.

November 6, 1947, claimant filed a petition for hearing before the Board from which, after various recitals, it is said: "That claimant now is permanently and totally unable to work and applies for benefits under the law because of change in condition and error of the board in not awarding such benefits during the first [sic] herein or at any time." A hearing was had thereon November 6, 1947. At said hearing the defendants moved to dismiss the petition for hearing upon the ground that said claim, or any claim of Englebert Wanke against the defendants is barred by the provisions of Section 43-1407, I.C.A., and objected to any further proceedings in said matter.

November 21, 1947, the Industrial Accident Board, after the hearing on said petition, made and entered its findings of fact, ruling of law and order of dismissal, as follows:

"The accident upon which claimant seeks additional recovery occurred April 7, 1942. Claimant on April 5, 1944, recovered an award herein based on said accident; and an additional award on modification on April 10, 1946.

"The formal petition for further recovery in the present proceeding was filed November 6, 1947, and the first information received by the Board of intention to file such a petition was August 28, 1947.

"Ruling of law—Recovery of additional compensation and recoupment of disbursements for medical treatment are barred by Sec. 43-1407, I.C.A.

"Order of Dismissal—Wherefore It Is Hereby Ordered that claimant's claim, embodied in his petition of November 6, 1947, be and the same is hereby dismissed."

The appeal is from the order of dismissal as based upon the petition for hearing of November 6, 1947. The notice of appeal, dated and filed December 3, 1947, states among preliminary recitals:

"That Engelbert Wanke, the Claimant and Appellant in this matter, intends to and does hereby appeal to the Supreme Court of the State of Idaho from the orders of the Industrial Accident Board made on the 6th day of November 1947, dismissing claimant's petition for hearing and from the Order of Dismissal made and filed herein on the 21st of November, 1947.

"It is the intention of the Claimant and Appellant to appeal and he hereby does appeal to the Supreme Court of the State of Idaho from said Order of Dismissal and from all of the Findings of Fact, Rulings of Law and Orders upon which said Order of Dismissal is predicated and from the whole thereof."

Section 43-1407, I.C.A. is an amendment of I.C.S. 6269, and is as follows: "On application made by any party within four years of the date of the accident causing the injury, on the ground of a change in conditions, the board may at any time, but not oftener than once in six months, review any agreement or award, and on such review may make an award ending, diminishing or increasing the compensation previously agreed upon or awarded, subject to the maximum and minimum provided in this act, and shall state its conclusions [findings] of fact and rulings of law, and immediately send to the parties a copy of the award, but this section shall not apply to a commutation of payments under section 43-1121. ['31, c. 222, § 6.]"

Appellant's first assignment of error asserts that Section 43-1407, I.C.A., insofar as it provides that an injured employee may not recover compensation and recoupment for medical expenses after four years from the date of the accident is repugnant to the "due process" clause found in art. 1, Sec. 13 of the Constitution of Idaho and also the Fourteenth Amendment of the Federal Constitution and also the "equal protection" clause contained in the Fourteenth Amendment, aforesaid. That section 6 of chapter 222 of the 1931 Session Laws, which amended section 6269, Idaho Compiled Statutes and now appears as Section 43-1407, I.C.A., is repugnant to art. 3, Sec. 16 of the Idaho Constitution in that every act shall embrace but one subject and matters connected therewith and which shall be expressed in the title. And, furthermore, if sec. 43-1407, I.C.A., is a statute of limitations it violates art. 3, Sec. 19 of the Constitution of Idaho, in that it is a special law for the limitations of civil actions.

Heretofore we quoted from claimant's petition for additional benefits because of alleged change in condition and likewise from claimant's notice of appeal. The notice of appeal specifically points out the matters and things from which the appeal was taken to this court, but the record is absolutely silent as to the invalidity of sec. 43-1407, I.C.A., as noticed in complainant and appellant's specifications of error. The maxim, "The expression of one thing is the exclusion of another" is appropriate. Said question as to such in-

validity is raised for the first time in this court. This court has repeatedly held that it will not consider or review a question not raised by the pleading or submitted to the tribunal below as is evidenced by the following authorities:

Syllabus 5. "An appellate court will not consider a question not put in issue by the pleadings." Coulson v. Aberdeen-Springfield Canal Co., 39 Idaho 320, 227 P. 29.

"The cause must be confined to the issues raised." Foss v. Dahlquist, 48 Idaho 30, 279 P. 407, 408.

Syllabus 11. "Question urged for first time on appeal will not be considered." Garrett Transfer & Storage Co. v. Pfost, 54 Idaho 576, 33 P.2d 743, 744.

Syllabus 7. "Supreme court will not consider question not raised by pleading." Curtis v. Pfost, 53 Idaho 1, 21 P.2d 73.

"The rule is well settled that a party cannot avail himself of a defense for the first time in the appellate court, nor will a question not raised in the trial court be considered on appeal." Grant v. St. James Mining Co., 33 Idaho 221, 222, 191 P. 359.

"This court has so often held that it will not consider or review a question presented to this court for the first time, unless it be a question of jurisdiction, or that the pleading does not state a cause of action, that it seems almost unnecessary to cite the decisions, but the principle is well recognized in the following authorities: Smith v. Sterling, 1 Idaho 128; Aram v. Edwards, 9 Idaho 333, 74 P. 961; Watson v. Molden, 10 Idaho 570, 79 P. 503; Miller v. Donovan, 11 Idaho 545, 83 P. 608; Medbury v. Maloney, 12 Idaho 634, 88 P. 81; Steve v. Bonners Ferry Lumber Co., 13 Idaho [384], 392, 92 P. 363." Marysville Mercantile Co., Ltd. v. Home Fire Ins. Co., 21 Idaho 377, 395, 121 P. 1026, 1033.

"It is fundamental that an appellate court will not consider any question not put in issue by the pleadings." (Citing authorities.) State v. Enking, 59 Idaho 321, 344, 82 P.2d 649, 659.

"It is the rule in this jurisdiction that a question which was not presented to the trial court may not be raised for the first time on appeal." (Citing authorities.) City of Glendale v. Coquat, 46 Ariz. 478, 52 P. 2d 1178, 1181, 102 A.L.R. 837.

"The validity of the act was question by counsel for appellant, in their brief and oral arguments, on a number of grounds not stated in the complaint nor submitted to the trial judge. Because they are urged for the first time on appeal, they will not be discussed nor decided." (Citing authorities). Johnson v. Diefendorf, 56 Idaho 620, 633, 57 P.2d 1068, 1073.

 In passing on the constitutionality of an act, courts may not inquire into either the wisdom or motive of the legislature. Nor should a court declare a statute void, unless its invalidity appears beyond a reasonable doubt. Bond v. Phelps, Okl.Sup., 191 P.2d 938.

In the case of Robinson v. Enking, 58 Idaho 24, 69 P.2d 603, 604, it is said: "* * * we are admonished by a well-established rule running throughout a long line of decisions from this court, to the effect that every reasonable presumption must be indulged in favor of the validity of a statute." (Citing numerous authorities).

In the case of Ada County v. Wright, 60 Idaho 394, 411, 92 P.2d 134, 142, is the following: "The holding of the Florida case [Carlton v. Mathews, 103 Fla. 301, 137 So. 815] seems to us more in harmony with the generally prevailing rule for measuring and adjudging the constitutionality of legislative acts. That rule is that where there is room for serious doubt as to the unconstitutionality of a legislative act, the doubt should be resolved in favor of the validity of the act." (Number of Idaho authorities).

Nevertheless, if the question involved in appellant's assignments of error related exclusively to the invalidity of Section 43-1407, I.C.A., consideration thereof would not be warranted nor a reversal of the hearing justifiable because of the provisions of the following Acts:

By Chapter 213, Session Laws 1931, the legislature selected the Governor, Secretary of State and a Justice of the Supreme Court as a Code Commission and they were directed, by said Act, to compile, annotate and publish the codes and statutes of the state of Idaho. In compliance therewith, and as a result thereof, the legislature by Chapter 6, Session Laws 1933, on January 17, 1933, approved the published compilation and annotation of the codes and statutes of the state of Idaho, published and proclaimed in pursuance of the provisions of Chapter 213, aforesaid, and designated and named said publication as the "Idaho Code Annotated."

By Chapter 1, Session Laws 1933, approved January 4, 1933, the Idaho Code Annotated as compiled, annotated, published and proclaimed in pursuance of the direction of said Chapter 213, was approved, adopted and declared to be the authorized compilation of the statutes and code of the State of Idaho.

Any defects or imperfections relative to Section 43-1407, I.C.A., as originally enacted in 1917, if any there were, would be cured by the re-enactment thereof as disclosed by the foregoing acts, and in the absence of other authority would be sufficient to negative the contentions of appellant that said section is invalid.

The second and remaining assignment of error states that the Board erred in failing and refusing to grant appellant an opportunity to be heard on his petition for the reasons set out under Assignment No. 1, and for additional reasons that assuming that Sec. 43-1407, I.C.A., is constitutional, that appellant has complied with its provisions by filing an application for modification of award on January 14, 1946, almost three months prior to the expiration

of the four year period. If the record discloses that the said "application for modification of award" on January 14, 1946, was considered by the Board and findings of fact, rulings of law and an award was made and entered in connection therewith, then there is nothing before this court authorizing it to take into consideration that the four year limitation, from the date of the accident, causing the injury, is before us.

The record discloses that on January 14, 1946, an application for modification of award was filed and that on February 25, 1946, an answer, resisting said application, was filed by defendants. A hearing thereon was had before the Board at Wallace, Idaho, March 1, 1946, and at Spokane, Washington, March 4, 1946, and, after due consideration, on April 10, 1946, the Industrial Accident Board made an award and the hearing on said application was completed and closed, and cannot be considered by this court as a continuing application for modification of award of which this court may take jurisdiction.

The petition for hearing, because of change of condition, is the petition, the hearing of which by the Board resulted in the order of dismissal, dated November 21, 1947, and mentioned in appellant's notice of appeal.

It would seem that Section 43-1407, which provides a limitation of four years from the date of accidents within which an application for modification on account of change in condition must be filed, is so plain and certain that no need for authority supporting such a proposition is required.

In the case of Kelley v. Prouty, 54 Idaho 225, 30 P.2d 769, 771, it is said: "In 1931 said section [C.S. 6269] was amended and is now found as section 43-1407, I.C.A., limiting the time for the filing of an application to show a change of condition, by any party, to within four years of the date of the accident causing the injury. The question arises, was the provision limiting the time to file an application by reason of change in condition, within four years, retroactive? There is no express provision in the 1931 amendment, now section 43-1407, I.C.A., making the law retroactive. This court has repeatedly held that no statute should be construed to be retroactive unless such intention on the part of the Legislature is clearly expressed. [Citing a number of authority]." Eldridge v. Idaho State Penitentiary as employer and Idaho Insurance Fund as surety, 54 Idaho 213, 30 P.2d 781, Zapantis v. Central Idaho Min. & Mill. Co., 61 Idaho 660, 106 P.2d 113.

There may be some instances wherein a limitation of four years from the date of the accident within which to make application for modification of award because of a change of condition would be unjust and work a hardship. It must, however, be kept in mind that the application may be made by any party on the ground of a change in conditions, not oftener than once in six months. If an employee has prac-

tically recovered from the effects of the injury and the employer or surety has not applied for a reduction of the award then the award continues for the maximum period of time allowed and to the benefit of the employee and the detriment of the employer or surety. Therefore, it has its good qualities as well as defects. Any modification or change in the law should be addressed to and come from the legislature rather than to the courts.

The order of the Industrial Accident Board dismissing appellant's application for additional compensation and recoupment of disbursements for medical treatment is affirmed. Costs to respondent.

GIVENS, C. J., and BUDGE and HYATT, JJ., concur.

HOLDEN, J., did not sit at the hearing or participate in the decision.

On Rehearing.

HOLDEN, Chief Justice.

April 7, 1942, Englebert Wanke sustained a personal injury by accident arising out of and in the course of his employment by respondent Ziebarth Construction Company. On his claim for compensation for the injuries sustained on that date the Industrial Accident Board awarded Wanke · $1215.30. Thereafter, towit, January 14, 1946, appellant Wanke filed an application for modification of that award on the

ground of a change in his condition. February 25, 1946, Wanke's employer and its surety by answer denied Wanke's condition had changed as a result of the accident. Following the hearing of the last above mentioned application, towit, April 10, 1946, the Board awarded appellant Wanke $106.-92 for increase in his permanent disability, and in addition respondent Construction Company and its surety were required to tender appellant Wanke an operation for inguinal hernia, and in the event such tender was not made, then respondents were required to pay appellant Wanke $150 to cover the expense of such an operation, and, further, that by reason of the operation, respondents were also required to pay appellant the sum of $12 weekly not exceeding six weeks.

November 6, 1947, five years and seven months after the accident, appellant filed what is called a "Petition for Hearing" in which he alleges: "That claimant now is permanently and totally unable to work and applies for benefits under the law because of change in condition and error of the board in not awarding such benefits during the first [hearing] herein or at any time."

And in which petition it is also alleged appellant "has a permanent injury, disability for work consisting of complete and total inability to work" and in which appellant further alleges he has "incurred expenses in the sum of $600.00 for medical attendance, hospital and other services."

74

At the hearing of the said petition, appellant not being represented by counsel, the Board requested attorney Walter Oros "to act as amicus curiae on his [appellant's] behalf." Before any evidence was adduced respondents moved to dismiss the petition upon the ground, among others, that "More than four years have now elapsed since the date of the injury and claim for any further compensation is now barred by Section 43-1407."

Mr. Oros was then asked if he had anything to say "with respect to the motion just made by the defendants [respondents]", to which came the reply:

"Mr. Oros: I have nothing to say."

Following the making of that statement, the record shows this:

"Mr. Oros: I would like to have the Board rule on the motion so I can make an offer of proof.

"Mr. Oppenheim: Motion granted."

Mr. Oros then made an offer to prove appellant "is now permanently and totally disabled and unable to work and that the Board on its last hearing as of April 10, 1946, and its Findings of Fact and Conclusions of Law was in error in that an award was not entered in sufficient benefit to which he was entitled under the law of this State. That he [Wanke] had a change of condition at that time and that he has a further change in condition at the present time, and he now is completely and totally disabled to work by reason of the said injury. He has paid out some $600 for medical and hospital care; that assuming for the sake of argument that disability benefits under the law are barred, still it does not bar him [Wanke] from his claim for $600 which he has incurred arising out of and by reason of this accident, it being his position that medical and hospital expenses are not in the category of compensation benefits that would be barred under the four year limitation."

In support of the offer of proof appellant was permitted to testify to the medical expenses incurred and paid out following the last above mentioned award of the Board, at the close of which respondents renewed their motion to strike "on the ground that any claim that the claimant may have is now barred by Section 43-1407, I.C.A., 1932."

"Mr. Oppenheim: Your last motion is granted."

Thereafter, towit, November 21, 1947, the Board made and filed findings of fact and rulings of law and entered thereon the following: "Wherefore, it is hereby ordered that claimant's claim, embodied in his petition of November 6, 1947, be and the same is hereby dismissed."

On appeal from that order claimant Wanke, among other things, challenged the constitutionality of sec. 43-1407, I.C.A., on numerous grounds as appears from the foregoing opinion filed June 24, 1948. Thereafter, to wit, July 12, 1948, claimant Wanke filed a petition for rehearing, which

was granted and a rehearing ordered and had at our November 1948 term at Coeur d'Alene. In his petition for rehearing appellant urged the court erred in holding it would not review a question not raised by the pleadings or submitted to the tribunal below, appellant insisting the constitutionality of a statute can be raised for the first time on appeal. And, also, that the court erred in holding "Any defects or imperfections relative to Section 43-1407, I.C.A., as originally enacted in 1917, if any there were, would be cured by the re-enactment thereof as disclosed by the foregoing acts, and in the absence of other authority would be sufficient to negative the contentions of appellant that said section is invalid."

Counsel for the respective parties, as well as Mr. Oros, were requested to brief certain questions, among others: Whether the Industrial Accident Board was vested with power or jurisdiction to decide the constitutionality of any provision of the Workmen's Compensation Law, and if so, how and in what manner should the question be raised before the Board; whether it was necessary to raise the question before the Board in order to preserve the right to have the question determined by this court; whether claimant by his "Petition for Hearing" and offer of proof was seeking compensation for a continuance of the same disability or for an increase in compensation based upon a change of conditions; whether, regardless of the claim and offer, should the Board, nevertheless have proceeded to hear and investigate the matter in full; and whether section 43-1407, I.C.A., when considered in connection with sec. 43-1107, I.C.A., applies to medical and hospital benefits.

At the outset, it may be stated appellant agrees with respondents that: "* * * the question of a statute's constitutionality is a judicial problem that only the courts have power to decide. It is not a proper question for determination by an administrative board even though it may in its normal proceedings exercise quasi judicial powers."

But appellant insists, and we think correctly, that the constitutionality of any part or provision of the Workmen's Compensation Law may be raised for the first time on appeal, where no prejudice will be suffered by the adverse party, Cole v. Fruitland Canning Ass'n, 64 Idaho 505, 134 P.2d 603, as in the case at bar. Nevertheless, there may be instances where it would be better practice to raise any such question at the first opportunity, for the information of the Board and the adversary party, the challenge to be stated in ordinary and concise language.

Furthermore, while it is too late to question the validity of a statute, after codification, on the ground of some alleged defect in the title, Anderson v. Great Northern R. Co., 25 Idaho 433, 442, 138 P. 127, Ann.Cas.1916C, 191; Curoe v. Spokane & I. E. R. Co., 32 Idaho 643, 646, 186 P. 1101, 37 A.L.R. 923; Emmett

Irr. Dist. v. McNish, 38 Idaho 241, 244, 220 P. 409, it has never been held in this jurisdiction to be too late to challenge the constitutionality of a statute at any time after codification, where the challenge is not based on defect of title.

That brings us to the consideration of appellant's attack on the constitutionality of sec. 43-1407, I.C.A., in that it is insisted it denies the guaranties found in article 1, sec. 13, of the constitution of the state of Idaho and the 14th amendment of the constitution of the United States. The grounds of the attack are in substance: That such section deprives appellant of property and property rights without due process of law; that it makes "a classification not based upon a reasonable difference between the groups" classified; that it "makes an arbitrary classification"; that it is "arbitrary and unfair and hence a denial of due process and equal protection of the laws."

Section 43-1407, supra, in so far as material here, provides: [Sec. 43-1407] "On application made by any party within four years of the date of the accident causing the injury, on the ground of a change in conditions, the board may at any time, but not oftener than once in six months, review any agreement or award, and on such review may make an award ending, diminishing or increasing the compensation previously agreed upon or awarded, subject to the maximum and minimum provided in this act, * * *."

Can it be seriously contended that that section denies either equal protection of the laws or due process of law, or that it is arbitrary and unfair, or that it makes any classification whatsoever, or that it deprives any person of property or property rights? Just a casual reading of the section discloses that instead of denying either equal protection of the laws or due process of law, section 43-1407, supra, gives "any party," that is to say any interested party, who, for any reason desires to obtain a review of any prior agreement or award, on the ground of "a change in conditions," a complete remedy by application, in that "on application" any interested party may have a prior "agreement or award" reviewed by the Industrial Accident Board on the ground of a "change in conditions," and on such review or examination into the matters presented by such application, the Board may end, diminish or increase "the compensation previously agreed upon or awarded". Further: Instead of limiting the remedy so given, to any single person or group of persons, or class or classes, the remedy is given to "any party" seeking relief. Instead of being arbitrary or unfair, the section treats all persons affected alike. Instead of depriving any person of a right, the section provides for a review and examination into any right, and all rights involving "a change in conditions" "previously agreed upon or awarded," and a determination thereof. Moreover, the provision limiting the making of an application to four years,

"but not oftener than once in six months," also applies to all alike. While the section provides applications must be made within a fixed period, towit, four years, that could not render it unconstitutional, in that if the legislature intended to limit the time within which applications could be made, as it appears it did, it was necessary to fix a definite period. Either the legislature had to fix a definite period or not legislate at all. And no matter what time might be fixed, there would no doubt be instances where disabilities would develop after the period had expired. For these reasons section 43-1407, supra, is not subject to the attack made upon it by appellant.

But appellant insists he alleged in his "Petition for Hearing" "both a change of condition and error on the part of the Board in not awarding him compensation to which he was entitled at the first hearing or at any time. If claimant's physical condition has become progressively worse he should be entitled to recover additional compensation for the increase in the extent of his permanent injuries under Sec. 43-1113, I.C.A."

And appellant also contends he was totally disabled for work March 15, 1944, and that the Board so found in its amended findings of fact dated April 22, 1944, reading as follows: "That as the result of the injury the claimant was totally temporarily disabled for work from and after the said 7th day of April, 1942, until the 15th day of March, 1944, at which time he was surgically healed of his injury and now has as a result of his injury by accident a permanent partial disability equal to and comparable with 30% of the loss of the left leg· at the hip joint, so as to preclude the use of an artificial limb."

Appellant is mistaken in his construction of that finding. The Board did not find appellant was *totally* disabled for work March 15, 1944. What the Board found was, as the finding itself clearly states: That appellant was totally *temporarily* disabled for work from April 7, 1942, until March 15, 1944, further finding that on March 15, 1944, appellant was surgically healed of his injury but as a result of the accident April 7, 1942, he had a permanent *partial* disability, not *total* disability. And if appellant's disability for work March 15, 1944, was total, as he now contends, and not *partial,* he should have appealed from the award.

Furthermore, if appellant's physical condition was "continuing" and becoming "progressively worse" as he also contends, and he was, for that reason "entitled to recover additional compensation," the Workmen's Compensation Law gave him a complete remedy by appeal. And if it be true, that "Actually, appellant has been unable to work *since the accident* and that fact stands out irrespective of all the arguments that may be advanced in opposition to his right to recover compensation for his 'disability for work'" (emphasis added), appellant had ample time within which to make an

application and showing, and if the Board denied an award, could also have appealed from that.

■ Furthermore, the record discloses appellant in his Application for Modification of Award, filed January 14, 1946, not only claimed compensation on the ground of a change in his condition, but also claimed compensation for "permanent total disability". Instead of awarding compensation for permanent total disability, the Board awarded permanent partial disability as above pointed out. If the Board erred in making that award, by thereby denying an award for "permanent total disability", appellant should have appealed. It was too late, November 6, 1947, to either appeal or make an application or for the Board to examine into or determine any of those matters.

■ Appellant also contends sec. 43-1407, supra, is unconstitutional on another ground, to wit, that it is a special law and, therefore, prohibited by art. 3, sec. 19, of the constitution of the state of Idaho. Appellant does not correctly construe the section. As hereinbefore pointed out, the section is general in terms, all persons subject to it are treated alike as to privileges, protection and in every other respect. In State v. Horn, 27 Idaho 782, 793, 152 P. 275, 279, this court said: "It is well settled that a law is not special in character 'if all persons subject to it are treated alike, under similar circumstances and conditions, in respect both of the privileges conferred and the liabilities imposed.'"

See also Mix v. Board of Com'rs of Nez Perce County, 18 Idaho 695, 112 P. 215, 32 L.R.A.,N.S., 534; Ada County v. Wright, 60 Idaho 394, 92 P.2d 134, and Hanson v. De Coursey, 66 Idaho 631, 637, 166 P.2d 261.

We come now to the question: May claimant Wanke recover money expended for hospital and medical care (after the last award of the Board April 10, 1946) on an application therefor filed with the Board November 6, 1947, more than five years after the date he was accidentally injured?

On that question our attention is directed to secs. 43-1107 and 43-1407, I.C.A. In so far as pertinent those sections provide:

[Sec. 43-1107] "Medical attendance.— The employer shall provide for an injured employee such reasonable medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus, as may be required or be requested by the employee immediately after an injury, and for a reasonable time thereafter. * * *"

[Sec. 43-1407] "Modification of awards and agreements—Time within which made. —On application made by any party within four years of the date of the accident causing the injury, on the ground of a change in conditions, the board may at any time, but not oftener than once in six months, review any agreement or

award, and on such review may make an award ending, diminishing or increasing the compensation previously agreed upon or awarded, * * *."

It should be pointed out here the record does not show claimant's injuries required continuous medical treatment and care from the date of the accident, as was apparently true in Flock v. J. C. Palumbo Fruit Co., 63 Idaho 220, 118 P.2d 707. On the contrary, the record shows and the Board found claimant "was surgically healed of his injuries," though left in a condition of permanent partial disability. So that it seems unnecessary to construe either or both of the above quoted sections with reference to whether they do, either when construed together or singly, provide for continuous treatment regardless of the length of time involved. There remains for consideration the contention that regardless of the time which may elapse between the date injuries are sustained and the development of physical troubles later (even where as in the case at bar, the injured employee immediately after the accident is given surgery, hospitalization and medical treatment), the expense incurred or paid out for additional medical, surgical and other treatment may be recovered, and so on ad infinitum.

In construing section 43-1107, supra, it must be conceded it does not *expressly* require an employer to provide an injured employee with "medical, surgical or other attendance or treatment" under such circumstances. Nor do we find any language therein which impliedly requires an employer to provide treatment for undiscovered physical troubles arising after all the known injuries have been treated and taken care of. Nor do we find any such requirement construing secs. 43-1107 and 43-1407, supra, together, unless these two sections when construed together be construed to include medical, surgical and other attendance and treatment as "compensation", within the meaning of sec. 43-1407, supra. Assuming, but not deciding, these sections should be so construed, would not aid claimant in recovering in that his claim would be barred even under that construction.

It follows the order of the Board must be affirmed, and it is so ordered, with costs to respondents.

GIVENS and HYATT, JJ., and TAYLOR and SUTPHEN, Dist. JJ., concur.