## Bosler *versus* Rheem.

1. A borrower, by contemporaneous agreement, cannot waive the right to retain or recover back usurious interest.
2. Under the Act of May 8th 1872, the lender may receive more than 6 per cent. interest, but the right of the lender to recover back the excess being of public policy, cannot be set aside.

May 18th 1872. Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Cumberland county :* Of May Term 1872, No. 87.

This was an action to May Term 1872, of the court below, by James W. Bosler against Jacob Rheem.

By a case stated in the case, it appeared that the cause of action was the following note :

"$500.00.    Carlisle, Pa., April 1st 1869.    One year after date I promise to pay to the order of J. W. Bosler, the sum of five hundred dollars, with interest at the rate of eight per cent. per annum, without defalcation for value received.

JACOB RHEEM."

At the same time he executed the following agreement : —

Whereas, J. W. Bosler, of Carlisle, Pa., has this day consented to loan me the sum of five hundred dollars, to be secured by negotiable promissory note, bearing interest, at the rate of eight per cent. per annum, payable annually : and whereas, in pursuance

thereof I have received from him the sum of five hundred dollars, and have given him my negotiable promissory note, bearing even date herewith, for the repayment of the same, on the first day of April, A. D. 1870, with interest, at the rate of eight per cent. per annum, payable annually: now therefore, in consideration of said loan, and for the further consideration of one dollar to me in hand paid by the said J. W. Bosler, I do hereby waive and release all my right under any and all existing and future laws whatsoever, to retain, deduct or withhold from the amount of said loan, or to bring or maintain any action at law or equity for the recovery of the excess of interest over and above the legal rate that may be paid at any time prior to the repayment of said loan. In witness whereof, I have hereunto set my hand and seal at Carlisle, Pa., this 1st day of April, A. D. 1869.

JACOB RHEEM.    [L. S.]"

The defendant on the 1st April 1870, paid $40 in full of one year's interest; and on the 1st of April 1871, "$40 in full of interest up to this date." He claimed that the amount paid by him in excess of 6 per cent. in interest, should be credited on the note as principal, making the amount due by him April 1st 1871, to be $508.16, which had been tendered to the plaintiff.

" If the court be of the opinion that the said agreement of waiver is valid and binding in law upon the said defendant, then judgment to be entered for the plaintiff for five hundred and forty dollars; but if the court should be of the opinion that the said agreement is not valid and binding, judgment to be entered for the defendant."

The court below (Junkin, P. J.) entered judgment for the defendant in the following opinion:—" The question in the case is, whether a separate covenant by a debtor made at the same time with the giving of the note for borrowed money, will render valid the promise of the borrower embodied in the note itself, to pay the lender *eight* per cent. interest. We do not see how or why it should. If by law more than six per centum cannot be recovered, when the promise to pay (as is the case), is expressly made in the body of the note itself, how can the matter be aided, by a separate agreement or covenant to do the same thing ? One agreement or promise is just as binding as the other, and neither can be enforced, because the law forbids the thing to be done *at all* by adverse proceedings. In Heath v. Page, 13 P. F. Smith 108, it is held that ' excess of interest over six per cent. is the money of the borrower, which, when received by the lender, he cannot retain, but holds for the use of the borrower, and assumpsit will lie for it.' If it may be recovered back, surely it may be applied directly when paid to the credit of the borrower in discharge of the unpaid balance due on the note."

[Bosler *v.* Rheem.]

So entering judgment was assigned for error by the plaintiff on the removal of the record to the Supreme Court.

*M. C. Herman*, for plaintiff in error, referred to Act of May 28th 1858, Pamph. L. 622, 1 Br. Purd. 803, pl. 1, 2. Usury is not an offence : Craig *v.* Pleiss, 2 Casey 271. The borrower's privilege is statutory and may be waived : Wood *v.* Williams, 9 Johnson 123 ; Chitty on Contracts, 5th Am. ed. 778 ; Case *v.* Dunmore, 11 Harris 93 ; Bowyer's Appeal, 9 Id. 210 ; Winchester *v.* Costello, 2 Parsons 279 ; McKinney *v.* Reader, 6 Watts 34 ; Bowman *v.* Smiley, 7 Casey 225.

*Hays & Henderson*, for defendant in error.—When the release in this case was executed, Rheem had nothing to release. A party cannot release all causes of action that may arise or accrue after the execution of the release : Chitty on Contracts 778 ; Wilson *v.* Hirst, 4 B. & Ad. 760 ; Woods *v.* Williams, 9 Johnson 123. As soon as a borrower's right to recover excess of interest accrues, he stands in the relation of creditor to the lender for money had and received to his use : Heath *v.* Page, 13 P. F. Smith 108. There was nothing, therefore, for the release to operate upon. The parties were bound to know this : Heath *v.* Page, 12 Wright 130.

The rule that one may dispense with that which is provided for his benefit is not applicable to the case of an infant or necessitous man : Fitzsimons *v.* Baum, 8 Wright 42 ; Vantine *v.* Wood, 1 Harris 270 ; Chamberlain *v.* McClurg, 8 W. & S. 31. After a man's embarrassments are removed and he has ceased to be a fit subject for the protecting care of chancery, it is perfectly reasonable to permit men to validate that which was originally invalid from policy merely, and not on account of moral turpitude in the adverse party : Duncan *v.* McCullough, 4 S. & R. 487.

The judgment of the Supreme Court was entered May 20th 1872.

PER CURIAM.—We agree with the learned judge below, that the agreement of even date with the note in question, the purpose of which was to waive any right to reclaim the excess of interest stipulated to be paid by the maker of the note to the payee, had not that effect. The Act of 1858, on this subject, was passed to regulate the rate of interest among the people, and to change the odious system of forfeitures existing under the old law. Under the new act any lender may receive more than six per cent. interest without any penalty or forfeiture, subject only to have it recouped or reclaimed by the payor. If this be not done the party receiving the interest can hold it lawfully. We cannot, and perhaps never could, hold that this right to reclaim excessive interest may be waived in a note, or by a contemporaneous instrument. It would be better to repeal the provision altogether than this, for it would

[Bosler *v.* Rheem.]

be resorted to in every case of loan or contract. We cannot allow public policy to be set aside in this manner. The opinion of the learned judge below is a satisfactory presentation of the law on this point.

Judgment affirmed.