GEORGE J. CLARK, *et al.*, v. WM. H. SPENCER.

1. FILING SUPPLEMENTAL PLEADINGS; *Discretion of Court.* The filing of amended or supplemental pleadings is a matter within the sound discretion of the trial court; and unless it appears that such discretion has been abused, a refusal to permit either to be filed is no ground for reversal.

2. USURY; *Withdrawing Plea; Public Policy.* An agreement to withdraw the plea of usury is against public policy, and cannot be sustained.

3. ANSWER; *Additional Defense, Showing to be Made.* Ordinarily, when leave is asked to file an amended answer containing an additional defense, it is expected that some sufficient reason will be shown for not presenting such defense before.

4. ———— Hence, when a party with full knowledge of a defense intentionally omits to plead it, or having once pleaded it intentionally withdraws it, as a rule he ought not to be permitted to replead it; and especially is this so where he reaps some benefit from such omission or withdrawal, and makes the omission or withdrawal by agreement with his adversary, and for the purpose of receiving such benefit.

5. USURY—*As a Defense.* The defense of usury is to be treated as any other defense, and has no especial claims on the favor or indulgence of the court. *Quære:* Is the defense of usury so far a personal one that the wife of the debtor cannot plead it where the homestead is mortgaged to secure the usurious debt, and such also that a subsequent mortgagee cannot plead it?

### *Error from Bourbon District Court.*

ACTION by *Spencer* to foreclose a mortgage executed by *Clark* and wife. *Marston*, a subsequent mortgagee, was joined as a defendant. The district court, at the December Term 1873, C.O.F., judge *pro tem.*, presiding, gave judgment for plaintiff, and the defendants appeal. The facts and proceedings are fully stated in the opinion, *infra.*

*Hulett & McCleverty*, for plaintiffs in error:

1. The several points made and errors raised can best be explained by first discussing the force and effect of the agreement to withdraw the defendant Clark's answer, and continue the case. If this be viewed in the light of a contract for forbearance, then it must be admitted that such contracts are valid and of binding obligation, (1 Parsons on Con., 440 to 444,) provided the consideration therefor be legal. A contract to be valid and binding, must have both a *legal* consideration and a *legal* subject-matter, or object; hence a subject-matter prohibited by law could not be the object of a contract, since *malum prohibitum* is equally as effectual as *malum in se.*

Story on Prom. Notes, § 189. · So, where law prohibits usury, no contract can be made or enforced concerning it, being *malum prohibitum;* and no contract can be made or enforced concerning anything immoral or criminal, being *malum in se.* The court below evidently viewed this contract as analagous and equivalent to a covenant for forbearance, not to sue. A covenant not to sue, if perpetual, is held to be a release, and to avoid circuity of action, may be plead in bar if action be brought. But a covenant not to sue for a *limited time* cannot be plead in bar to the action if brought before the expiration of the time, and the only redress is upon the covenant itself; 13 Ill., 7; 19 Johns., 129; 6 Wend., 471. So, in that view if Clark, the defendant below, instead of complying with the contract, had refused to withdraw his answer, the court could not have disregarded it, and Spencer's only remedy would have been an action upon the contract for damages against Clark. And this brings us to the consideration of the contract itself. Suppose Clark had refused to withdraw his answer, and Spencer had brought suit upon the contract against Clark, what would have been the measure of damages? Manifestly it would have been the amount of the usury. The usury was illegal under the law of 1868, when the note was executed, and the court could only have given judgment for an amount which was illegal, which no court will do. Then, very clearly, the subject-matter, or object of this contract upon Spencer's part, was illegal, and hence the contract void. If any portion of a contract is void, for any reason, a court will not undertake to separate the good from the bad, but will declare the whole void. (20 Ohio St., 431.) This contract then being void, because of illegality of consideration, the case should be viewed as if none had been attempted to be made, and even if good is not entitled to consideration until action is brought for breach of it. The agreement of September 19th is simply a second promise to pay the original usury, and no more binding or valid than the first: 17 Iowa, 578.

2. The court erred also in denying the motions to file supplemental answers. The code, § 184, has provided for

pleading, by way of supplemental pleadings, any new matter occurring after the filing of former pleadings. The answers filed with these motions came clearly within the rule laid down in § 144, and parties have the same rights under the code in a plea of usury that they have in any other case. 11 N. Y., 368. On the 16th of December, the day before the motions were filed, each of the defendants made a tender of an amount which they claimed and alleged to be the full amount due the plaintiff. Certainly a tender made on the 16th of December is new matter occurring after September 19th. It makes no manner of difference whether the defendants should be able to sustain the allegations by evidence or not; the allegations were made, and for the purposes of pleading are true, at least until denied, and come within § 144. If § 144 has any force or effect, does it not confer *absolute rights?* If anything new has in fact occurred, is it not the *right* rather than the *privilege* of a party to plead it? Suppose the defendants instead of tendering $2,985 had actually paid that amount to the plaintiff, would not § 144 allow them to plead that fact? Yet, according to the ruling and reasoning of the district judge, they could not even plead a release, or an accord and satisfaction, after having agreed to pay the plaintiff his usury by pleading a general denial only. As to the truthfulness of the answers, if that is of any importance under our code, it will be noticed that Marston's answer is verified by affidavit, and the record contains the statement that the court considered the answers of the other defendants as verified. (Voorhies' Code, 3d ed., 199; Seney's Code, 184, and notes.) It will be noticed that the supplemental answer asked to be filed by Antoinette E. Clark complies in every particular, since it contains the allegation "that the facts above set forth did not come to the knowledge of this defendant until the 15th of December, 1873." Unless then, § 144 is a surplusage in the law, without meaning and without purpose, her answer should have been admitted as an *absolute right.*

*Blair & Hill,* for Marston:

Marston is a subsequent mortgagee; and suppose, as is the fact, that the mortgaged premises are not a sufficient security to pay Spencer the full amount due him, if the usury be included, and leave anything to apply upon Marston's mortgage, which is admitted by Clark and Clark, and contains no element of usury and illegality: is it not then an absolute right of Marston that the Clarks be permitted to file answers which very plainly, if sustained, would so reduce the amount of Spencer's judgment as to save to Marston the amount of a just and lawful debt? The case then presents this anomalous condition: If Spencer's judgment, a large portion of which is usurious and unlawful, be sustained, it must be at the expense of Marston's judgment, no part of which is unlawful. That is, the illegal shall be sustained at the expense of the legal and the just, instead of the converse, which would seem more in consonance with justice.

*Harris & Spencer,* for defendant in error. No brief on file.

The opinion of the court was delivered by

BREWER, J.: This was an action to foreclose a mortgage given by George J. Clark and wife to the defendant in error. John J. Marston, a subsequent mortgagee, was also made a party defendant. The pleadings were completed by answers and reply. In the answer of George J. Clark the defense of usury was set up. After this, and on September 19th 1873, there was filed among the papers in said case an agreement upon which this case turned entirely in the court below. It was as follows, after title of cause:

"It is agreed and stipulated by and between said parties, that said case shall be continued until the next term. In consideration of said continuance the defendant George J. Clark agrees to withdraw his answer from the files, and file a general denial only, and not to place or ask to be placed on file any further answer; and also agrees that in case of sale

of the property described herein, that the plaintiff shall have the right to remain in said premises until the 1st of March 1874, by paying $20 per month after such sale."

This stipulation was signed, "Wm. H. Spencer, George J. Clark, Antoinette E. Clark." Marston's attorney indorsed the following upon said agreement: "I agree that this cause shall be continued till December Term 1873," which was signed, "C. W. Blair, Attorney for Defendant Marston." The case was thereupon continued to the December Term 1873, and the terms of the stipulation complied with as to withdrawing answer and filing only a general denial. On December 17th 1873, the defendants George J. and Antoinette E. Clark, filed a joint and several motion for leave to file separate, amended and supplemental answers, setting up usury and a tender to the plaintiff of the amount due after deducting the usurious payments. The tender had been made December 16th, and since the filing of the then existing answer. The motion was overruled, and the filing of supplemental answer refused by the court. On the next day, December 18th, defendant Marston filed a motion for leave to file a similar supplemental answer, which was also denied. On December 29th, Geo. J. Clark filed another motion for leave to file supplemental answer, which was also denied, the answer setting up the tender only. Also, on said December 29th, defendants Clark and Clark filed a motion to strike from the files the agreement above quoted, which was also overruled.

The principal question in this case is on the refusal of the court to permit the filing of any new pleadings. It is insisted that the stipulation is void because of illegality of consideration, viz., an abandonment of a plea of usury, and an agreement not to make such plea thereafter, and that therefore the case is to be treated as though no such stipulation was in it; also, that upon the happening of any new matter, amounting to a substantial defense, since the filing of the existing answer, it is a right of the defendant to be allowed to file a supplemental answer setting up such new matter, the refusal of which right is sufficient ground for

reversal of the judgment. And finally, if it be not a right of defendant to be allowed to file a supplemental answer in all cases of the happening of new matter, it was under the circumstances of this case an abuse of discretion for the court to refuse to allow one to be filed, such as should compel a reversal. It may be remarked that the only object in the various answers and motions offered and made was to renew the once-abandoned plea of usury, for though the tender was a subsequent fact, yet the tender without the usury amounted to nothing. The note was a note of $3,500. The amount of the alleged tender was $2,985, so that if the plea of the tender had been allowed to be filed, and the tender proved as alleged, it would have constituted no defense except in conjunction with a plea of payment or one of usury. The subsequent matter was therefore of itself immaterial. And on the other hand if the plea of usury had been permitted, and sustained by the evidence, the amount of the judgment would have been no greater than the amount due at the time of the tender, for the usury law in force at the time of the contract forfeited all interest. The only difference would have been in the matter of a few dollars costs.

The agreement to withdraw the plea of usury cannot be sustained. It is no better than an agreement not to plead it; and surely, if such an agreement could be sustained, a usurious loan would always be accompanied by an agreement not to plead the usury — a very simple if not effectual way of evading the law. In short, this case seems to resolve itself into this: If after pleadings have once been filed, the district court refuses leave to file an amended answer setting up the plea of usury, under what circumstances will this court hold such refusal error, and reverse the judgment? Neither party has the right, after pleadings have once been filed, issue joined, and the case ready for trial, to change the issues by filing either an amended or supplemental pleading. This can be done only by leave of the court; and the granting of leave is within the discretion of the

court. Error will lie only when an abuse of that discretion is shown. This, so far as amendments are concerned, is familiar law: *Taylor v. Clendening*, 4 Kas., 524; *Davis v. Wilson*, 11 Kas., 74; *Douglas v. Rinehart*, 5 Kas., 392; *Spratley v. Ins. Co.*, 5 Kas., 155. It is also true of supplemental pleadings: *Medbury v. Swan*, 46 N. Y., 200; Voorhies' Code, 3d ed., p. 357, § 177, and cases cited. It may be that, as supplemental pleadings embrace only subsequent facts, there can be fewer reasons for refusing to permit them to be filed; but still, like amended pleadings, they are within the control and subject to the discretion of the court.

Was there any abuse of discretion on the part of the district court in this case? Leave was asked to file amended and supplemental answers. What grounds therefor were presented? It will ordinarily be expected in such cases, where additional defenses are sought to be interposed, that some reason will be shown for not presenting them before — either that the party was ignorant of the facts, or that such facts constituted a legal defense, or that he was in some way prevented from setting them up. He is asking to change the issues, and some reason other than his own pleasure or convenience should be given. If this be the general rule, *a fortiori*, where a party with full knowledge of a defense intentionally omits to plead it, or having once pleaded it intentionally withdraws it, he ought not thereafter to be permitted to change the issues by pleading it. Especially is this true when he reaps some benefit from such omission or withdrawal, and more especially when such omission or withdrawal not only inures to his benefit, but also works injury to his adversary, and is the result of an express and separate agreement therefor with such adversary. This covers the case of the principal debtor. He knew of the defense of usury, he plead it and then intentionally withdrew the plea. By such withdrawal he obtained the benefit of a delay in judicial proceedings to compel payment by him of a debt, and to the same extent postponed any collection thereof by his creditor; and he made this

3. Supplemental answer; additional defense.

withdrawal in consequence of an express and separate agreement therefor with such creditor. It is unnecessary to affirm the validity of the agreement, or assent that it was one which it was the right of the creditor and the duty of the court to enforce. It is enough that such an agreement was made, and that its consequent benefits and injuries were received by both debtor and creditor. True, the injury resulting from a loss of this defense may have more than counterbalanced the benefits of delay, though no positive assertion can be made on this point without a fuller knowledge of the circumstances and conditions of the respective parties; but he elected to take the latter, and cannot complain if he is compelled to abide by his choice.

Again, the plea itself which he seeks to make has no especial claims upon the favor of the court. Many very respectable courts have declared it an odious and unconscionable plea, one which though tolerated ought always to be discountenanced. On granting to defendants leave to amend their answers it has often been only upon their stipulating not to set it up: *Fulton Bank v. Beach,* 1 Paige, 429; *Utica Ins. Co. v. Scott,* 6 Cowen, 606; *Lovett v. Cowan,* 6 Hill, 223. And while the better opinion is against such discrimination and denunciation, (*Catlin v. Gunter,* 11 N. Y., 368,) yet it is undoubtedly true that it has no especial claims upon the indulgence and favor of the court. All applications concerning it should be disposed of upon the same principles and in the same manner as those concerning other defenses. So far therefore from seeing any abuse of discretion in this ruling, as to the principal debtor, it seems to us to have been just what it ought to have been.

4. Usury—plea of; how regarded.

So far as concerns Mrs. Clark, and the subsequent mortgagee, the same considerations do not apply. Neither of them had once interposed and then withdrawn this defense. Mrs. Clark also states, in the answer she tendered, which was verified by affidavit, that she did not know of the usury until after the stipulation, and just before the tender, and that the mortgaged premises were the homestead of the husband and

Plea of usury; personal defense.

herself. Counsel for defendant in error insists very strenuously that this plea of usury is a strictly personal one, and that therefore it was entirely unavailable to either Mrs. Clark, or the subsequent mortgagee. If this were correct, there was of course no error in refusing to permit them to plead it. It is undoubtedly true, as a general proposition, that the plea is a personal one, but we are inclined to doubt the correctness of the claim of counsel, at least so far as Mrs. Clark is concerned. See upon her right to avail herself of the plea: *Lyon v. Welsh*, 20 Iowa, 578; and upon the general proposition: *Shufelt v. Shufelt*, 9 Paige, 137; *Green v. Morse*, 4 Barb., 332; *Reading v. Weston*, 7 Conn., 413; *De Wolf v. Johnson*, 10 Wheat., 367; *Sands v. Church*, 6 N. Y., 347. Without however definitely deciding these questions we think the ruling of the court must be sustained for these reasons: Though Mrs. Clark avers ignorance of the usury, she is not wholly without laches. She signed the stipulation to withdraw the answer of her husband. This was notice to her that some defense interposed by her husband was to be withdrawn, and fairly put her upon inquiry to ascertain what it was before consenting to its withdrawal. The circumstances attending the signing of the stipulation are nowhere disclosed in the record, and no excuse given for her signing it, and no reason given for her ignorance of the usury. Did her husband misrepresent the facts to her, or was she so indifferent to the preservation of her homestead as to make no inquiry? In the absence of a full showing upon these matters, and in a case where the court properly refused to permit the principal debtor to interpose a once-abandoned plea of usury, we cannot say that the court abused its discretion in also refusing to permit her to interpose this defense. The subsequent mortgagee cannot urge even these considerations. He had no homestead claim, and he avers no ignorance. He seeks to amend his answer, but he gives no reason for not alleging the usury before. He places great stress upon the tender as a subsequent fact, but the tender alone, as we have seen, could avail none of the defendants anything.

It is hardly necessary, since the case of *Stevens v. Thompson,* 5 Kas., 305, to say that under a general denial to a petition which alleges the making and delivery of a note, of which it gives a copy, that no part has been paid, and that the whole amount is still due, proof of payment is inadmissible.

Upon the whole case we see no error, and the judgment must be affirmed.

All the Justices concurring.