FRANKLIN L. RECHT

*v.*

RICHARD KELLY.

| 82 | 147 |
| 163 | 651 |
| 59a | 111 |
| 61a | 557 |

| 82 | 147 |
| 201 | ²391 |

| 82 | 147 |
| d104a | 332 |

1. EXEMPTION—*waiver, by executory contract.* A waiver of a debtor's right to claim personal property as exempt from execution, when attempted to be made by an executory contract, is ineffectual, and will not be enforced.

2. A clause in a promissory note, expressly waiving the "benefit of all laws exempting real or personal property from levy and sale," being contrary to public policy, is inoperative, and confers no right to levy upon and sell personal property which is exempt.

WRIT OF ERROR to the Circuit Court of Jersey county; the Hon. CYRUS EPLER, Judge, presiding.

This was a suit originally brought before a justice of the peace, by Franklin L. Recht against Richard Kelly, who was a constable, to recover three times the value of a heifer and calf of the plaintiff, which the defendant levied upon and sold under execution, and taken, by appeal, to the circuit court. A trial was had, resulting in a judgment for the defendant.

Mr. GEO. W. HERDMAN, and Messrs. DUMMER, BROWN & RUSSELL, for the plaintiff in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Under the statute, the property levied upon by defendant was, in terms, exempt from levy and sale, the owner being the head of a family, residing with them, unless that right was barred by that clause in the note, upon which the judgment

was recovered, that provides, the maker, although confessing judgment and releasing all errors, expressly waived the "benefit of all laws exempting real or personal property from levy and sale." That such a waiver, where the same is attempted to be made by an executory contract, is ineffectual, and will not be enforced, is definitely settled by the decisions of this and other courts. *Phelps* v. *Phelps*, 72 Ill. 545; *Curtiss* v. *O'Brien*, 20 Iowa, 376; *Maxwell* v. *Reed*, 7 Wis. 583.

The principle of the cases cited is, that the exemption created by the statute is as much for the benefit of the family of the debtor as for himself, and, for that reason, he can not, by an executory contract, waive the provisions made by law for their support and maintenance. Such contracts contravene the policy of the law, and hence are inoperative and void. The owner may, if he chooses, sell, or otherwise dispose of any property he may have, however much his family may need it, but the law will not aid him in that regard, nor permit him to contract, in advance, his creditor may use the process of the courts to deprive his family of its benefit and use, when an exemption has been created in their favor. Laws enacted from considerations of public concern, and to subserve the general welfare, can not be abrogated by mere private agreement.

Notwithstanding plaintiff demanded the property of defendant, he disregarded such demand and sold it under the execution. That, he had no lawful right to do. On demand being made, it was his plain duty to have surrendered the property. The exemption clause in the note was no waiver, and conferred no authority whatever upon the officer to sell property, against the protest of the owner, the law had exempted for the benefit of the debtor and his family.

The judgment will be reversed, and the cause remanded.

*Judgment reversed.*