### Flavius J. Curtiss v. Jeremiah H. Ellenwood.

1. EXEMPTIONS—*Waiver of, by Agreement.*—A waiver of exemptions can not be accomplished by an executory agreement or by an agreement granting power to seize property in case of a default in the payment of a sum of money.

**Action for Taking Exempt Property.**—Appeal from the Circuit Court of Henry County; the Hon. JOHN J. GLENN. Judge, presiding. Heard in this court at the May term, 1894. Affirmed. Opinion filed December 13, 1894. Rehearing denied June 19, 1895.

N. F. ANDERSON, attorney for appellant.

CHARLES K. LADD, attorney for appellee.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

Appellant, the landlord of appellee, gave the latter a lease for certain premises. There was due appellant for rent the sum of $307, when appellee took the property; the lease provided that if appellee failed to pay the rent appellant should have full power and authority to enter upon the premises and seize the property of appellee and sell it, and apply the proceeds in satisfaction of his claim against appellee. Appellant, in pursuance of this power, took property amounting to $160 and sold it, and applied it on his debt; none of the property taken was household goods. After appellant had taken the property, and before sale, appellee served notice purporting to be a schedule of all his property on appellant, claiming that the property was ex-

empted under the statute from sale for payment of his debts, as he had only $400 worth of personal property all told, and was the head of a family residing with the same. The lease attempted to waive the statutory exemption and authorized the seizure and sale of the property whether exempt or not. The appellant sold the same after appellee had given notice according to law of his claim of exemptions and realized $118. This suit was originally commenced before a justice of the peace, and appellee, in Circuit Court, whence the case had been taken by appeal, recovered judgment against the appellant for $160, the value of the property taken. The cause was tried by the court without a jury. It appears by an agreed state of facts that appellant seized the property under the claimed power without distraint or distress warrant, claiming the right so to do under the clause in the lease. It is insisted that appellee did not give timely notice of his claim of exemptions.

We think, however, this position can not be maintained, as it does not appear appellant gave him notice of the intended seizure until after it was made. It is admitted that a party may not waive his exemptions allowed by statute in the manner he attempted, but it is insisted that the appellee gave power to appellant to seize the goods, which is irrevocable, being coupled with an interest. This, we think, is an erroneous view of the law. Inasmuch as waiver of exemption can not be accomplished by executory agreement on the grounds of public policy, the same result should not be allowed to be accomplished by any such agreement by means of granting power to seize such property and thereby accomplish the waiver of statutory exemptions. This would be a circuitous way of accomplishing what can not be done directly. Recht v. Kelly, 82 Ill. 147; Phelps v. Phelps, 72 Ill. 545; Johnson v. Dunavan, 17 Bradw. 61.

Such waiver can only be accomplished when made in advance by chattel mortgage as provided by statute.

The judgment of the Circuit Court is therefore affirmed.