[Civil No. 3667. Filed December 16, 1935.]

[52 Pac. (2d) 1178.]

CITY OF GLENDALE, a Municipal Corporation, Appellant, v. L. A. COQUAT, Appellee.

Messrs. Frazier & Perry, Mr. Charles E. Mc-Daniels, and Mr. C. A. McKee, for Appellant.

Mr. George D. Locke, and Mr. J. Bolivar Sumter, for Appellee.

LOCKWOOD, C. J.—L. A. Coquat, hereinafter called plaintiff, brought this action against the City of Glendale, a municipal corporation, hereinafter called defendant, to recover the sum of $444.19, which he alleged to be due him from defendant for labor performed for the latter. The complaint alleged, in substance, that he had worked for defendant as a

common laborer in its irrigation department from the 1st day of March, 1933, to the 1st day of July, 1934, for which labor he received the sum of 25 cents per hour and later 31½ cents per hour; that by virtue of the provisions of chapter 12 of the regular session of the 11th Legislature he was entitled to receive the sum of 50 cents per hour for such labor; that he made demand for the sum still due and unpaid, at the rate of 50 cents per hour, but that such demand had been refused.

Defendant demurred and then answered, pleading the one-year statute of limitations (Rev. Code 1928, § 2058), and also that plaintiff had accepted the sums of 25 cents and 31½ cents per hour in full payment for his services semi-monthly during the period of his employment, without claiming any further compensation therefor. The court overruled the demurrer, and the case went to trial upon an agreed statement of facts. This agreed statement was to the effect that plaintiff had been employed as a laborer for the time which he had set up in his complaint; that he had been paid for the services first at the rate of 25 cents per hour, and later at 31½ cents per hour, on the 1st and 15th of every month during the period of his employment, and had made no claim for any further sums until he filed a written demand therefor after he had left defendant's employ, and that he now claimed he was entitled to receive payment at the rate of 50 cents per hour under the minimum wage law.

The case was submitted to the court upon the agreed statement of facts, and judgment rendered in favor of plaintiff for the full amount sued for, whereupon this appeal was taken.

There are four assignments of error which raise the same number of legal questions. These questions may be stated as follows: (1) Does a civil action lie

in favor of an employee of a municipal corporation to recover the amount of wages which he should have received during his employment under the minimum wage law? (2) If such an action is permitted, is it governed by the 1 or the 3 year statute of limitations? (3) Was the plaintiff estopped from maintaining his action because he accepted compensation at a rate less than that provided by the minimum wage law, without objection or claim of any further compensation until after his employment terminated? (4) Was the court justified in assuming on the record submitted to it that common laborers of the class of plaintiff were entitled, under the minimum wage law, to receive 50 cents per hour compensation?

We consider these questions in their order. The first two have already been disposed of by our opinion in the case of *City of Phoenix* v. *Drinkwater, ante,* p. 470, 52 Pac. (2d) 1175, just decided. Therein we held that a civil action of this nature does lie, and that it was governed by the one-year instead of the three-year statute of limitations. We see no reason for changing our opinion as expressed in the Drinkwater case, and reaffirm the rule therein laid down on these two points. The third question is as to whether plaintiff was estopped by his conduct from claiming additional compensation. We are of the opinion that the essential elements of estoppel do not appear in this case. Equitable estoppel may be defined as the effect of the voluntary conduct of a party, whereby he is absolutely precluded from asserting rights which might have otherwise existed as against another person who, in good faith, has relied upon such conduct and has been led thereby to change his position for the worse. The essential elements of estoppel are that plaintiff, with knowledge of the facts, must have asserted a par-

ticular right inconsistent with that asserted in the instant action, *to the prejudice of another who has relied upon his first conduct.* Moore v. Meyers, 31 Ariz. 347, 253 Pac. 626. If any of these essential elements are lacking, there is no estoppel. In the present case one of them at least does not appear. There is no showing in the record that defendant changed its position to its own prejudice on account of the conduct of plaintiff in accepting the 25 cents and 31½ cents per hour. We are of the opinion that defendant cannot successfully maintain its plea of estoppel. As a matter of fact, it appears to us that it has made the not unusual mistake of confusing estoppel and waiver, and that what it really intended to claim was that plaintiff had waived his right to the extra compensation rather than that he was estopped from claiming it. There are several essential differences between the two doctrines. According to all the accepted definitions of the term waiver, it is essential that there should be an intentional relinquishment of a known right, and it, therefore, assumes the existence of a choice between the relinquishment and the enforcement of the right, while in an estoppel the intention to waive a right does not need to be present. Also, waiver depends upon what one himself intends to do, regardless of the attitude assumed by the other party, whereas estoppel depends rather upon what the other party has done. Waiver does not necessarily imply that the other party has been misled to his prejudice, but an estoppel always involves this element. Estoppel results from an act which operates to the injury of the other party, while waiver may even affect him beneficially. Estoppel frequently carries the implication of fraud, but waiver never does. We are of the opinion that the acts of plaintiff, as they appear from the record

in this case, could, under no circumstances, be characterized as creating an estoppel, but they might and very probably would be considered as a waiver of his right to the extra compensation, were it not for one thing. As we have stated in several cases, the minimum wage law is not only meant for the establishment of individual private rights, but is a solemn declaration on the part of the state that, as a matter of public policy, it is interested in seeing that its citizens are protected in such rights. *City of Phoenix* v. *Drinkwater, supra; State* v. *Jaastad,* 43 Ariz. 458, 32 Pac. (2d) 799.; *State* v. *Anklam,* 43 Ariz. 362, 31 Pac. (2d) 888. It is apparently universally held that where a right has been given to an individual not alone for his private benefit but, as a matter of public policy, in the interest of the state, it may not be waived by anyone. *Day* v. *McAllister,* 15 Gray (Mass.) 433; *Clark* v. *Spencer,* 14 Kan. 398, 19 Am. Rep. 96; *State* v. *Carman,* 63 Iowa 130, 18 N. W. 691, 50 Am. Rep. 741; *Recht* v. *Kelly,* 82 Ill. 147, 25 Am. Rep. 301; *Bosler* v. *Rheem,* 72 Pa. 54; *Branch* v. *Tomlinson,* 77 N. C. 388; *Clark* v. *State,* 142 N. Y. 101, 36 N. E. 817; *Larsen* v. *Rice,* 100 Wash. 642, 171 Pac. 1037; *Cato* v. *Grendel Cotton Mills,* 132 S. C. 454, 129 S. E. 203, 41 A. L. R. 438. As was said by the New York Court of Appeals, in *Wright* v. *State,* 223 N. Y. 44, 119 N. E. 83, 85:

"Such conclusion would permit an officer of the state to defeat the beneficent purpose of the statute and violate its provisions. The state expressed its intention as to the rate of compensation, and the fact that claimant accepted a reduced compensation does not estop him from recovering the residue fixed by law."

We are of the opinion that plaintiff not only was not estopped from asserting his claim to additional compensation, but that he did not and could not

waive it by his conduct in accepting the lesser wage without protest.

The last question is whether the record shows that the minimum wage law provides a payment of 50 cents per hour for public employees in the class of plaintiff. This court, of course, takes judicial notice of the minimum wage law and of its terms. Therein it is provided that the state highway commission shall, from time to time, fix the wages to be paid under the terms of the law, and we have held that such a provision does not render it unconstitutional. *State* v. *Anklam, supra*. But it does not necessarily follow that this court will take judicial notice of a schedule made by the highway commission which may be, and so far as we know is, changed from time to time by that body. Be that as it may, we are of the opinion that defendant is not in a position to raise this objection. While it is true that the statement of facts agreed upon does not expressly set forth that the schedule of the highway commission did provide that municipal employees of the class of plaintiff should be paid 50 cents per hour, yet it does state that his claim was based upon that theory. No objection was made, so far as the record shows, to the judgment rendered by the trial court on the ground that there was no evidence to this effect, and the point was apparently raised for the first time in this court. It is the rule in this jurisdiction that a question which was not presented to the trial court may not be raised for the first time on appeal. *Tevis* v. *Ryan,* 13 Ariz. 120, 108 Pac. 461; *Pacific Finance Corp.* v. *Gherna,* 36 Ariz. 509, 287 Pac. 304. We think this is applicable to the present case. The only effect of our holding that the record was not sufficient on this point would be to cause us to remand the case for a new trial, in which case the

deficiency would, of course, be supplied. The judgment of the lower court was, therefore, correct, except that it applied the three-year instead of the one-year statute of limitations to plaintiff's claim. The complaint was filed on the 17th day of October, 1934. The statute had, therefore, run against the plaintiff as to all extra compensation due him before the 17th of October, 1933.

The judgment of the superior court of Maricopa county is reversed, and the case remanded, with instructions to enter judgment in favor of plaintiff for the amount of excess compensation which may be due him under the principles laid down in this opinion from the 17th day of October, 1933.

McALISTER and ROSS, JJ., concur.