FRUGÉ, Judge ad hoc.
This suit was brought by four members of the Fire Department of the City of Lake. Charles, Louisiana, against the Fire and'. Police Civil Service Board of the City of Lake Charles, Louisiana, its individual members and Sam Tarleton as Commissioner of Public Health and Safety, seeking to-set aside the Civil Service Examination given September 25, 1958, for the position of District Fire Chief and ordering the Civil Service Board to readminister said test.
Plaintiffs alleged that during the month of August, 1958, a vacancy occurred for the position of District Fire Chief in the Fire Department of the City of Lake Charles. This position had to be filled in accordance with the Civil Service-Laws of the State of Louisiana. On August 19, 1958, the following notice was published by posting on the bulletin board of each fire station in the City of Lake Charles:
*42 "Lake Charles Civil Service Commission 733 Louisiana Avenue Lake Charles, La.
Lake Charles, La. August 19, 1958
Public Notice
The Lake Charles Municipal Fire & Police Civil Service Board is calling examinations for the following classes in the Police and Fire Department. All applications must be in to the Secretary of the Civil Service Board on or before September 22nd at 5:00 P.M. No applications will be accepted by the board after the deadline for filing applications. Applications can be gotten by contacting the Police or Fire Department representative on the board, or the Secretary of the board.
Police Department Patrolman Patrolman First Class Detective Sergeant Captain Chief of Detective Fire Department Fireman First Class District Fire Chief
“Signed /s/Earnest J. Breaux Ernest J. Breaux, Chairman /s/ Creighton Nope Creighton Nope, Secretary”
Although this notice does not specifically state whether or not these examinations were to be "competitive” or “promotional” examinations, it is well agreed by all parties that the examination for District Fire Chief was to be a “promotional” examination and not a “competitive” examination. The distinction between these two types of examination is most important in the decision of this case. Article 14, Section 15.1, Subsection 23, Const. LSA, sets forth the distinction between promotional and competitive tests as follows:
“a. Admission to a promotional test shall be limited to regular employees of the class next lower from that for which they are to be examined. However, the rules may provide for admission to be extended to applicants from any one or more of the next lower classes.
“b. Admission to competitive tests shall be open to all persons who meet the requirements provided by this Section and the rules.”
By 5:00 P.M. September 22, 1958, approximately ten applications had been made to the Lake Charles Civil Service Commission to take the examination for District Fire Chief. All of the applicants were captains of different companies serving within the Lake Charles Fire District and all were eligible to take the promotional examination. The four plaintiffs in this case complaint is that they did not receive five days’ notice setting forth the date, place, and time for the announced examinations. They testified that the only notice they received to the effect that the examinations would be held at 9:00 A.M. on September 25, 1958, was received by them by telephone on the morning of September 23, 1958.
Each of the plaintiffs as well as each of the other six applicants reported at the South west Louisiana Trade School in Lake Charles at 9:00 A.M. on September 25, 1958, and took the examination. The examination was prepared, administered, and scored by the State Examiner in accordance with the constitutional provisions. On October 15, 1958, the plaintiffs were notified that they failed the examination. Their first complaint concerning the notice or lack of same was made by them by application dated October 28 to the Civil Service Board for a hearing at which they intended to request the setting aside of the examination. On October 29, 1958, the Civil Service Board met and denied the hearing for the reason that in their opinion the examina *43 tion was properly conducted. This suit was filed November 17, 1958.
On December 3, 1959, the Court assigned written reasons granting judgment to the plaintiffs after having concluded that the five day notice period in Article 14, Section 15.1, Subsection 22(a) of the Constitution of the State of Louisiana was required on promotional as well as competitive examinations, and further that proper notice required under the Constitution had not been given. The judgment further held that the examination given on September 25, 1958, was null and void and of no effect and the Civil Service Board was directed to read-minister said test.
The principle issue involved is an interpretation of Article 14, Section 15.1, Subsection 22(a) of the Louisiana Constitution. It is contended by defendant-appellants that the requirements of the Constitution were clearly met by posting the notice on the bulletin board, and that further the Constitution only requires five days’ notice of the date, place, and time of the examination to he used in connection with competitive examinations only, and the five day notice is not required for a promotional examination. Article 14, Section 15.1, Subsection 22(a) reads as follows:
“The board shall provide through the state examiner for tests to determine the eligibility of applicants for entry upon the promotional and competitive employment lists, as follows:
“a. Official notice of examination shall be posted on the bulletin board in each station of the respective department. The notice shall state (1) class of positions for which tests will be given, (2) whether the tests will be given on a promotional or competitive basis, and (3) the final date on which applications for admission to the tests will be received. The notice shall be posted for a continuous period of thirty days preceding the date for administering the tests. In addition to the posted notice, public notice for all tests to be given on a competitive basis shall be published at least four times during the thirty day period in the official journal of the municipality in which such tests are to be held. This notice of examination need not reveal the exact date on which tests shall be administered, but all applicants shall be advised the date, place, and time to report for an announced test at least five days in advance thereof in any manner the board may prescribe. Each person comprising a group of candidates being tested at a given time for the same class of employment shall be given the same test, and it shall be administered in the same manner to each candidate. No questions shall he framed so as to elicit information concerning the political, factional, or religious opinions or affiliations of any applicant.”
Analysing the requirements of the provisions of the Constitution quoted herein-above, we find that the Constitution requires that “The notice shall be posted for a continuous period of thirty days preceding the date for administering the tests.” All parties agree that this requirement has been met. The Constitution goes on to require an additional notice when the examination is to be competitive. The additional notice required is a published notice in the official journal. Obviously this published notice is needed for competitive, examinations while it is not needed for promotional examinations because the applicants for competitive examinations would not receive notice for the examination by posting on the station bulletin board. The decision of this case turns on the interpretation of the sentence which immediately follows the requirement that notice for competitive examinations be published in the official journal, and provides:
“This notice of examination need not reveal the exact date on which tests shall be administered, but all applicants shall be advised the date, place, and time to feport for an announced test at least five days in advance there *44 of in any-manner the board may prescribe.”
In our opinion the words “this notice of examination” refers to the public notice required in the sentence immediately preceding it. We respectfully disagree with the trial court in his holding that the five day notice provided for in the Constitution applies to both competitive and promotional examinations.
At the trial of this case it was clearly pointed out by the Representative of the Civil Service Board that the test in question gave the same notice that they customarily gave in promotional examinations throughout the State and that there was nothing unusual about the notice given for the examination in question.
For these reasons the judgment of the District Court is reversed and we accordingly hold that the examination of September 25, 1958, for the position of District Fire Chief was proper and plaintiff-appel-lees’ suit is hereby dismissed at their costs.
Reversed.