CULPEPPER, Judge.
A rehearing was granted herein on June 29, 1960, by the Court of Appeal, First Circuit, for the purpose of reconsidering its judgment rendered May 31, 1960. 125 So. 2d 41. This case was transferred by the First Circuit to the Third Circuit as of July 1, 1960, and now has come before us for final disposition under the provisions of the 1960 amendment to Article VII, Section 30, of the Louisiana Constitution, LSA-Const., relative to disposition and transfer of appeals by the supreme court and courts of appeal.
The judgment of the Court of Appeal, First Circuit, rendered herein on May 31, 1960, held that Article XIV, Section 15.1, subsection 22, par. a, of the Constitution of the State of Louisiana, which is a part of the Municipal Fire and Police Civil Service Law, does not require that applicants for promotional examinations be advised of the date, place and time of the examination at least five (5) days in advance thereof. In its opinion the Court stated that the decision of this case turns on the construction of the sentence which follows the requirement that public notice for all tests given on a competitive basis be published in the official journal of the municipality, which sentence reads as follows:
“This notice of examination need not reveal the exact date on which tests shall be administered, but all applicants shall be advised the date, place, and time to report for an announced test at least five days in advance thereof in any manner the board may prescribe.”
In its opinion the First Circuit concluded that the words, “this notice of examination”, appearing in the above quoted sentence, refer to the public notice for competitive tests mentioned in the sentence immediately preceding. The Court was following the so-called “last antecedent” doctrine of statutory construction. This doctrine and its limitations are set forth in 82 C.J.S. Statutes § 334, p. 670, as follows:
“By what is known as the doctrine of the ‘last antecedent,’ relative and qualifying words, phrases, and clauses are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to or including others more remote; nor are they ordinarily to be construed as extending to following words. This rule is, however, merely an aid to construction to be applied only where there exist uncertainties and ambiguities in the statute, and when other and more important rules of construction fail; and the clear intent of the legislature takes precedence as a canon of construction. Accordingly, the doctrine of ‘last antecedent’ will not be adhered to where extension to a more remote antecedent is clearly required by a consideration of the entire act. Slight indication of legislative intent so to extend the relative term is sufficient. Where several words are followed by a clause as much applicable to the first and other words as to the last, the clause should be read as applicable to all.”
In the case of Buras et al. v. Fidelity & Deposit Company of Maryland, 197 La. 378, 1 So.2d 552, 554, our Supreme Court followed and amplified the above rule, holding as follows:
“ ‘The universal and most effectual way of discovering the true meaning of *46 a law, when its expressions are dubious, is by considering the reason and spirit of it, or the clause which induced the Legislature to enact it.’ Article-18, Revised Civil Code. ‘Punctuation * * * cannot control its (a statute’s) construction against the manifest intent of the legislature, and the court will punctuate or disregard punctuation * * * to ascertain and give effect to the real intent * * * ’ (59 Corpus Juris 989, Section 590. Brackets ours), and the doctrine of the ‘last antecedent’ that ‘relative and qualifying words, phrases, and clauses are to be applied to the words or phrases immediately preceding, and are not to be construed as extending to or including others more remote’ is ‘merely an aid to construction and will not be adhered to where extension to a more remote antecedent is clearly required by consideration of the entire act.’ ”
We are of the opinion that in order to properly determine the legislative intent, it is necessary to consider this language not only in context with the remaining provisions of the particular sub-section involved but likewise in context as relates to the entire section (15.1) dealing with the Municipal Fire and Police Civil Service Law, Dore v. Tugwell, 228 La. 807, 84 So.2d 199; St. Martin Parish Police Jury v. Iberville Parish Police Jury, 212 La. 886, 33 So.2d 671; 82 C.J.S. Statutes § 210, p. 344.
Subdivision 22 of Section 15.1 of Article XIV provides 'that notice of a test shall be given, whether for a promotional examination or for a competitive examination, by posting on the bulletin board for a continuous period of 30 days preceding the date for these tests and in each instance this notice must state, (1) the class or position for which the test will be given, (2) whether the test will be given on a promotional or competitive basis, and (3) the findl date on which applications for admission to tests will be received. The notice, i. e., the posted notice or the published notice as noted hereafter, need not (but by inference it may) give the date, place and time for the test. However, all applicants must be advised of the date, place and time of the test at least five (5) days in advance thereof, in any manner the board may prescribe. From this we observe two things: First, that there is contemplated the filing of applications for admission to the tests, and secondly, notice (either in the original notice or in a notice to be given at a subsequent date) as to the time and place of the giving of the tests.
One of the principal purposes of the original 30-day notice is to call for applications so that the board may determine whether the applicants are qualified to take the tests. Subsection 23 of Section 15.1 of Article XIV as aforesaid specifically provides qualifications for those desiring to take these tests and sets up certain specific reasons which disqualify a person from admission to the tests.
Reading the two sections together and in context, it thus becomes clear that the intent of the framers of the Act was that a notice of the test should be given, and a time should be fixed within which applications for admission to the test shall be filed, and that necessarily these applications should be considered prior to the date of the giving of the tests. Otherwise, there would be no reason for the language fbund in subsection 22 providing a final date on which applications for admission to the test should be received nor of provisions concerning those qualified for admission to the test as found in subsection 23.
If the notice of the date of examination is set forth in the original notice of the test, then there would be no reason that the applicants should thereafter be notified of the date of the tests; but, contra, where no date is given in the original notice, then it would be essential that some notice be given to those concerned who have qualified for the tests as to the date on which the tests would be given.
The Statute by its very terms has suggested and fixed five (5) days as a rea *47 sonable and proper time for the giving of this notice where not given in the first notice of the test. Where the date, place and time of the test is fixed in the first notice, then there would be no reason for any additional notice of such time and place.
Nowhere in the Act is there found distinction between competitive and promotional tests insofar as the requirements as to the giving of these tests and the procedure set forth in connection therewith is concerned, except that in the case of a competitive examination, one further and additional requirement is made, which is that notice for a competitive examination, in addition to the posting, must be published. The reason for this additional requirement is apparent in view of the fact that a competitive examination is open to the public generally and it would be only by this published notice that the general public could be acquainted with the fact that a competitive test for admission to a position in the Fire Department is to be given.
To restrict to competitive tests the sentence concerning the notice of the date of the examination, as suggested by counsel for defendant, would do violence to both the intent and purpose of the Statute, which was and is to give for all, regardless of political, religious or other influences, equal opportunity for employment and promotion in a municipal fire department. To so construe the Act as to give one member of the department an advantage over another in the preparation for or taking of the test would do violence to the very intent and purpose of the Act, as would the failure to prescribe fixed and definite rules for the giving of notice and the same opportunity to all applicants concerned.
The defendant-appellants argue that the Constitution did not intend that applicants for promotional examination be given notice of the date, place and time of the test, because these applicants for promotional examinations are members of the Department who are in the.fijé stations every day .and would learn from some source, which is not at all clear, the time and place of the test. It is not logical that the Legislature intended that such an important matter as the date, place and time of the examination be left to the chance that the applicant would learn from some undesignated source just exactly when and where he was to take the test. Certainly the more logical construction is that the Legislature intended that the applicant for promotional examinations receive notice of the date, time and place of the test in order that he might prepare himself and take the examination if he so desired.
Any other construction would make it possible to give such short notice that an applicant could not be on hand at the appointed hour and place or, even worse, he would not be notified at all and the test could be administered without him even knowing that it had been given.
In addition to the foregoing reasons, we observe that the Constitution requires “all applicants” be advised of the date, place and time of the tests. The section in question does not say that applicants for competitive examinations or for promotional examinations be so advised, but it says that all applicants must be given such notice. The use of the words “all applicants” seems clear and is not restricted to either promotional or competitive applicants, but applies equally to all.
Regarding the issue of estoppel, we agree with the trial judge that plaintiffs did not, by taking the test, waive their right to now attack its validity. The right and privilege set out in Section 15.1 of Article XIV of the Constitution is a private right granted in the public interest to effectuate a Legislative policy, i. e., the establishment and maintenance of a Civil Service system in the fire departments of the municipalities within the population range covered by the Constitutional provisions.
*48 It has been held by the Supreme Court of the United States and in other courts that a statutory right conferred on a private party but affecting the public interest may not be waived or released, if such waiver or release contravenes the statutory policy. In the case of Brooklyn Savings Bank v. O’Neil, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296, the Supreme Court of the United States held to the doctrine just stated when considering the right of an employee to waive penalties under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. The Court cited, with approval and support of this doctrine, the following cases: Midstate Horticultural Co. v. Pennsylvania Railroad Co., 320 U.S. 356, 361, 64 S.Ct. 128, 130, 88 L.Ed. 96; A. J. Phillips Co. v. Grand Trunk Western Ry., 236 U.S. 662, 667, 35 S.Ct. 444, 446, 59 L.Ed. 774. Cf. Young v. Higbee Company, 324 U.S. 204, 65 S.Ct. 594, 89 L.Ed. 890, and went on further to say that in the absence of evidence of specific Legislative intent, it is proper to resort to a broader consideration of the Legislative policy behind the provision of the law and that unless this discloses that it was the intent of the Legislative body that the individual should be allowed to waive this right, it could not be done.
The Supreme Court of the State of Arizona, in the case of City of Glendale v. Coquat, 46 Ariz. 478, 52 P.2d 1178, 1180, 102 A.L.R. 837, concerning the waiver of benefits under a minimum wage law, said this:
“It is apparently universally held that where a right has been given to an individual not alone for his private benefit but, as a matter of public policy, in the interest of the state, it may not be waived by any one. Day v. McAllister, 15 Gray (Mass.) 433; Clark v. Spencer, 14 Kan. 398, 19 Am.Rep. 96; State v. Carman, 63 Iowa. 130, 18 N.W. 691, 50 Am.Rep. 741; Recht v. Kelly, 82 Ill. 147, 25 Am.Rep. 301; Bosler v. Rheem, 72 Pa. 54; Branch v. Tomlinson, 77 N.C. 388; Clark v. State, 142 N.Y. 101, 36 N.E. 817; Larsen v. Rice, 100 Wash. 642, 171 P. 1037; Cato v. Grendel Cotton Mills, 132 S.C. 454, 129 S.E. 203, 41 A.L.R. 439.”
For the reasons hereinabove set forth, it is ordered, adjudged and decreed that the judgment rendered on May 31, 1960, by the Court of Appeal, First Circuit, be annulled and the judgment of the District Court is reinstated and affirmed. The cost of this appeal must be borne by defendant-appellant.
On rehearing, judgment of the lower court affirmed.