417 P.2d 925

Harold A. SAVAGE, Jr., Appellant,

v.

ROYAL PROPERTIES, INC., a corporation, T. E. Nelson, Jr., James P. McArdle, Jack C. Hart, Donald R. MacPherson, Alfred F. Lustbader, Robert Tibolt, Manor Investment Company, Inc., Appellees.

No. I CA–CIV 149.

Court of Appeals of Arizona.

Sept. 7, 1966.

Rehearing Denied Oct. 17, 1966.

Lewis, Roca, Scoville, Beauchamp & Linton, Phoenix, by John P. Frank, Jeremy E. Butler, for appellant.

Kenneth S. Scoville and Leroy W. Hofmann, Phoenix, for appellees McArdle and Manor Inv. Co., Inc.

Jennings, Strouss, Salmon & Trask, Phoenix, by Rex H. Moore, Charles E. Jones, for appellees Royal Properties, Inc., Nelson, Hart, MacPherson, Lustbader and Tibolt.

ROBERT O. ROYLSTON, Superior Court Judge.

The appellant, who was the plaintiff in the Superior Court, filed a petition for a preliminary injunction in the Superior Court of Maricopa County and after a hearing the petition was denied and this appeal filed. The parties will be designated as they appeared in the lower court.

On or about June 30, 1963, the defendant, Royal Properties, Inc., acquired the assets and liabilities of the corporation then known as Savage Industries, Inc., of which the plaintiff was principal stockholder and chief executive officer. Included in those assets was all the stock of the Arizona Welding Company and AWECO Supply Company. On or about February 12, 1964, the plaintiff and Royal entered into an Em-

ployment Agreement. Paragraph 12 of that Agreement provided:

"For the term hereof, Royal agrees that it will not sell, trade, assign or otherwise dispose of, voluntarily or involuntarily, the business formerly conducted by Savage Industries, Inc., or of all or substantially all of the assets, in the form then existing, heretofore acquired from Savage Industries, Inc. (said assets and the business formerly conducted by Savage are hereinafter called 'Savage Assets') without first notifying Savage, who shall have, for a period of not less than thirty days from the date he is so notified, the right but not the obligation, to purchase the same at an equivalent price and upon substantially the same terms and conditions. * * *"

On October 18, 1964, the Board of Directors of Royal, of which plaintiff was a member, adopted a resolution authorizing the transfer to defendant Manor Investment Company, Inc., a wholly-owned subsidiary of Royal, the "Savage Assets" and other assets of Royal in exchange for the capital stock of Manor.

On or about April 6, 1965, Royal agreed to sell all the stock of Manor to defendant James P. McArdle, for the sum of $650,000. The plaintiff informed Royal that he desired to exercise the option given him by Paragraph 12 of the Employment Agreement and to purchase the "Savage Assets" upon the same terms and conditions as they were offered to McArdle.

Plaintiff brought this suit to enjoin defendants from engaging in or performing any act to facilitate the consummation of the proposed sale in breach of Paragraph 12 of the Employment Agreement, and to require them to offer the "Savage Assets" to the plaintiff at an equivalent price and upon substantially the same terms and conditions as they were offered to McArdle. Defendants Royal and Manor contend that plaintiff, as a member of the Board of Directors of Royal, voted in favor of the transfer of the "Savage Assets" to Manor, that by virtue of that vote Royal does not own the "Savage Assets", and that plaintiff is estopped to maintain this action. Royal and Manor further contend that the proposed sale is not a sale of the "Savage Assets", but rather a sale of the capital stock of Manor. Defendant McArdle alleged that, because of a liquidated damages provision in Paragraph 12 of the Employment Agreement, the court could not order specific performance of that Agreement, and therefore could not grant an order enjoining breach thereof.

The trial court, in its Order and Judgment quashing the temporary restraining order and denying a temporary (sic) injunction, found as follows:

"And the Court further FINDS that on October 18, 1964, Plaintiff, while a member of the Board of Directors of Defendant Royal Properties, Inc., attended a meeting of said Board of Directors at Miami, Florida, and that at said meeting Plaintiff, as a member of said Board, voted in favor of the adoption of a Resolution authorizing the transfer of the ownership of the 'Savage assets' together with other assets of Royal Properties, Inc. to a new corporation, which was named Manor Investment Company, Inc. in exchange for the capital stock of said Manor Investment Company, Inc.; and that upon the facts and the law, Plaintiff has shown no ground for injunctive relief against the Defendants or any of them, and that said Defendants should not be enjoined from engaging in or performing any actions to facilitate the completion of the proposed sale of stock of Manor Investment Company, Inc., to the Defendant McArdle;"

In the determination of this appeal, we have first considered whether there was sufficient evidence upon which to base the above finding, and if so, whether the legal conclusion drawn by the trial court was correct. Our determination of this matter makes it unnecessary to consider the other issues raised on appeal.

The testimony at the hearing established that the purpose of the meeting of October

18, 1964, at which time the resolution was adopted authorizing the transfer of the "Savage Assets" to Manor Investment, was for the purpose of determining a course to follow in order to eliminate financial difficulties which Royal Properties was experiencing at that time. After Manor Investment Company had received the "Savage Assets" and other assets of Royal Properties in exchange for its capital stock, Royal pledged all the stock of Manor Investment with the Western Pennsylvania National Bank for a loan of $250,000.

■ Plaintiff does not dispute the fact that he, as a member of the Board of Directors of Royal Properties, voted in favor of the transfer of the "Savage Assets" to Manor Investment. It is also undisputed that no attempt was made by the plaintiff to purchase those assets until after April 6, 1965, the date of the agreement to sell the stock of Manor Investment to defendant McArdle. The plaintiff contends that Royal Properties and Manor Investment, although separately incorporated, must be treated as a single corporate entity for the purposes of this case, and relies primarily on Walker v. Southwest Mines Development Company, 52 Ariz. 403, 81 P.2d 90 (1938). This case stands for the principle that the fiction of corporate entity must be disregarded where one corporation is so organized and controlled, and its affairs are so conducted that it is, in fact, a mere instrumentality or adjunct of another corporation. The defendants have no quarrel with this general principle of law, but contend first, that Manor Investment was not so organized and controlled, and its affairs so conducted that it is a mere instrumentality of Royal Properties, and second, that the above rule of law applies only in situations where a claimant or creditor of the subsidiary does not know that the new corporate entity is merely an adjunct and controlled instrumentality of an older parent corporation, and the rule cannot be used for the benefit of a director of a parent corporation who voted for and participated in the formation of the new corporation.

■■ The evidence appears undisputed that the plaintiff, as a member of the Board of Directors, knew the purpose for the formation of Manor Investment and knew of the pledge of the stock of Manor Investment as security for the loan. Can the plaintiff, with this knowledge, now be heard to contend that since all assets of Manor Investment are being sold, he is entitled to exercise the option for repurchase of the "Savage Assets"? We think he cannot. The plaintiff's actions fall within the rule stated in Powell, Parent and Subsidiary Corporations, p. 83, as quoted in Finley et al. v. Union Joint Stock Land Bank of Detroit, 281 Mich. 214, 274 N.W. 768 (1937):

"A claimant of the subsidiary corporation cannot be said to have been affected by the parent's use of the subsidiary as a mere instrumentality, if with knowledge of all the facts at the time he entered into the transaction with the subsidiary, he accepted or approved the relationship between the two corporations."

In Walker, the claimants did not know of the purpose in organizing the new company, nor did they learn of the transaction complained of until long after it had occurred. In the present case, the plaintiff not only knew of the transfer to and formation of the new corporation, but he approved, voted for, and participated in the transaction.

■ The plaintiff further contends that although he participated in the formation of the new corporation and the transfer of the assets to it, and knew the purpose of the transaction, that does not estop him from now maintaining that the courts should treat the corporations as a single entity. Our Supreme Court stated in City of Glendale v. Coquat, 46 Ariz. 478, 52 P.2d 1178, 102 A.L.R. 837 (1935):

" * * * [t]he essential elements of estoppel are that plaintiff, with knowledge of the facts, must have asserted a

particular right inconsistent with that asserted in the instant action, to the prejudice of another who has relied upon his first conduct. * * *"

This has been approved in Knight v. Rice, 83 Ariz. 379, 321 P.2d 1037 (1958), as well as other Arizona cases.

It is practically without dispute that the plaintiff knew of the facts. There is sufficient evidence from which the trial court could have found that the plaintiff acted in a manner inconsistent with the claim asserted in this action. The record indicates that the plaintiff, inconsistent with his option as above stated, approved a transfer of the "Savage Assets" to a corporation which he, himself, treated as a separate entity, thereby relinquishing his option and placing the assets beyond the reach of the option. In this present action, the plaintiff seeks a remedy which rests exclusively upon the option. The right which he now asserts is inconsistent with the right he asserted and exercised at the time of the October 18, 1964 transaction. There is clear and satisfactory proof from which the trial judge could have determined that the defendants changed their position as a result of the conduct of the plaintiff, and this is shown by the pledge of the stock of Manor Investment Company with the bank for the loan of $250,000. Thereby, the defendants incurred an indebtedness based upon a representation to the lender that Manor Investment owned certain properties, including the "Savage Assets".

We therefore, confirm the trial court in its denial of a preliminary injunction.

STEVENS, C. J., and DONOFRIO, J., concur.

NOTE: Judge JAMES DUKE CAMERON having requested that he be relieved from the consideration of this matter, Judge ROBERT O. ROYLSTON was called to sit in his stead and participate in the determination of this cause.